Morris MANDELBAUM, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee,

and

Frank Savage, Defendant.

No. 40, Docket 23757.

United States Court of Appeals Second Circuit.

Argued Nov. 20, 1957.

Decided Jan. 17, 1958.

James M. Gilleran, New York City (Jacob M. Offenhender, Brooklyn, N. Y., on the brief), for appellant.

Cornelius W. Wickersham, Jr., U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y. (Margaret E. Millus, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y., of counsel), for appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

This is an appeal from a judgment entered for the defendant United States after trial without a jury in an action, arising out of a vehicular collision, brought under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). The defendant Savage, who was the driver of the defendant's vehicle, was never served but, as hereinafter appears, testified in the plaintiff's behalf.

The following facts are undisputed. For approximately three months before the incident giving rise to this suit, Savage was stationed at the Fort Hamilton army base in Brooklyn. He had never been in the metropolitan area before. For one week prior to the incident he had been working daily at Fort Tilden, also in Long Island, about five miles away and each day had traveled both ways by passenger car over the Belt Parkway. However, on the morning of the day in question, February 11, 1952, Savage was given a United States Army truck to drive in getting to and from Fort Tilden. Since trucks are forbidden on the Belt Parkway, Savage was directed to take a different route. In the morning, while on his way to Fort Tilden, Savage lost his way but with aid from a policeman reached his destination.

Between 3 and 4 P.M. that afternoon Savage began the return trip but did not take the required left turn from Flatbush Avenue. Shortly before 6 P.M.

he sideswiped a car waiting for a light and sped from the scene. A few blocks later he crashed into the rear of plaintiff's horse-drawn wagon, severely injuring plaintiff. At the time of this incident, Savage's truck was several miles northeast of Fort Hamilton and headed in the wrong direction.

The only evidence as to what happened during the hours preceding the crash was contained in Savage's testimony. This part of his testimony was crucial because the defendant denied the plaintiff's allegations that at the time of the accident he (Savage) was acting in the scope of his employment and contended that Savage was drunk and on a frolic of his own at the time he crashed into plaintiff. ·

Savage's story of this period was that he missed the proper left turn, went straight up Flatbush Avenue across a bridge into Manhattan, had a drink and asked directions to Fort Hamilton, then got back to Brooklyn and, while seeking the Fort, had his two traffic mishaps. His testimony was contradictory as to whether he stopped for directions in Brooklyn before entering Manhattan and there were other inconsistencies in his testimony.

The District Court concluded that the only evidence that Savage was attempting to find his way back to the base was his own statement to that effect which it

found to be "incredible." The court held that plaintiff had failed to bear his burden of proving by a fair preponderance that Savage was acting in the line of duty at the time of the incident. It further held that mere "proof of ownership of the truck by the Government does not constitute a presumption or proof that the soldier was so acting. [131 F. Supp. 188]" This was error.

■ The controlling statutes are 28 U.S.C.A. §§ 1346(b), 2671 and 2674, the pertinent parts of which are set out in the margin.[1] Under these statutory provisions the law applicable to this case is that of New York. And subsequent to the decision below the Supreme Court has made it absolutely clear that even when the tortious actor is a soldier in active service the state law controls. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761.

■■ We turn, therefore, to the law of New York. New York Vehicle and Traffic Law, McKinney's Consol. Laws, c. 71, § 59 declares in pertinent part:

"Every owner of a motor vehicle * * * operated upon a public highway shall be liable and responsible for * * * injuries to person or property resulting from negligence in the operation of such motor vehicle * * * in the business of such owner or otherwise, by any

1. Title 28 U.S.C.A. § 1346(b) provides:
"Subject to the provisions of chapter 171 of this title, the district courts, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."
Title 28 U.S.C.A. § 2671 provides:

"As used in this chapter and sections 1346(b) and 2401(b) of this title, the term—

\* \* \* \* \*

" 'Employee of the government' includes * * * members of the military or naval forces of the United States,.
* * *
" 'Acting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States, means acting in line of duty."
Title 28 U.S.C.A. § 2674 provides:
"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages. * * "

person legally using or operating the same with the permission, express or implied, of such owner. * * * "

The New York Court of Appeals, in Chaika v. Vandenberg, 252 N.Y. 101, 169 N.E. 103, has held that there is a presumption that the owner of a vehicle is responsible for the manner in which the vehicle is driven. This presumption continues until there is "substantial evidence" to the contrary. Thus, in the instant case the plaintiff made out a *prima facie* case by proving government ownership of the truck and the District Court's view to the contrary was erroneous.

But we are urged that, in any event, there was "substantial evidence" introduced to rebut the presumption and, therefore, the error below was harmless. We do not agree.

■ Several New York cases have considered this requirement of "substantial evidence." They indicate that even where the owner and driver testify without contradiction as part of the defendant's case that the driver had no permission or was out of the scope of employment, the case should still go to the trier of fact and if that evidence of interested witnesses is disbelieved the presumption has not been overcome. Winnowski v. Polito, 294 N.Y. 159, 61 N.E.2d 425; Piwowarski v. Cornwell, 273 N.Y. 226, 7 N.E.2d 111; Hukey v. Massachusetts Bonding & Ins. Co., 277 App.Div. 411, 100 N.Y.S.2d 643 (3rd Dept. 1950), leave to appeal denied, 302 N.Y. 949, 96 N.E.2d 621. See also Pariso v. Towse, 2 Cir., 45 F.2d 962. Cf. St. Andrassy v. Mooney, 262 N.Y. 368, 186 N.E. 867.

■ What evidence in this record rebuts the presumption of liability? Initially, we must consider the evidence relating to Savage's drinking. Savage admitted having either a bottle or a glass of beer at lunch. Further, he admitted that he stopped before the accident for one beer while seeking directions. Where he stopped is unclear since his story was very contradictory at this point. Savage steadfastly denied that he was drunk and in this was supported by testimony of a policeman called by the defendant who testified that he smelled liquor on Savage's breath at the precinct station but he could not tell whether it was beer or whisky and that he did not consider Savage drunk. The judge below declared that Savage's sobriety "was questionable," but did not state how he solved that "question." Thus there was no finding of drunkenness below. And a search of the transcript discloses no evidence sufficient to support a finding of drunkenness.

■ We pass then to the factors which led the trial court to disbelieve Savage's claim that he was trying to return to Fort Hamilton at the time he crashed into plaintiff's wagon. They were as follows: Savage did not know the name of the bridge he crossed to reach Manhattan; both accidents occurred while he was going in an easterly direction away from Fort Hamilton and was six miles away; he left the scene of both accidents contrary to Army regulations; he was in sight of the Brooklyn Navy Yard and made no inquiry there "or at any other place." From this the judge surmised: "The probability is that he [Savage] had then recovered his sensibilities to the extent that he desired to exculpate himself from a possible future charge that he had violated Army Regulations."

It does not strike us as at all unusual that a stranger driving in a section of New York City for the first time does not know the name of a bridge he has crossed where the record does not indicate that the names of the bridges are posted anywhere. That the accidents occurred six miles from the Fort while Savage was traveling in an easterly direction are consistent with his claim of being lost. Leaving the scene of the accidents, while reprehensible, does not *per se* remove Savage from the line of duty any more than does the fact of having an accident. Lastly, at 6 P.M. on a February day it was dark and there is nothing to indicate that Savage, being

a stranger in New York, knew he was near the Navy Yard. Moreover, Savage did testify that he made at least one inquiry.

If the burden were on plaintiff, as the judge below mistakenly thought, to prove that Savage was in the scope of his employment, we certainly could not say that the determination made had been clearly erroneous. Rule 52(a), Fed. Rules Civ.Proc. 28 U.S.C.A. But, as we have indicated, the burden of disproving agency by substantial evidence was upon the defendant. And the only pertinent evidence on the agency issue we have discussed above and find not to rise to the level of "substantial evidence," as that term has been interpreted by New York decisions. It thus was inadequate to rebut the presumption of authority.

■■ However, there is present one other factor to consider. The judge below disbelieved Savage when he testified that all afternoon he had been trying to find his way back to Fort Hamilton. Does such disbelief of the witness on the part of the judge amount to evidence having positive probative value tending to prove the opposite of that to which the witness testified, viz., that he was in fact on a frolic of his own and hence outside the scope of his employment? We think not. This view is supported by the case of Mosson v. Liberty Fast Freight Co., 2 Cir., 124 F.2d 448. This was also a case decided under New York law, in which it was held, in an opinion by Judge L. Hand, that disbelief by a jury of testimony of three witnesses that plaintiff's decedent did not have control of the car's operation would not warrant the jury in finding the existence of control in the decedent. The disbelief of a witness does not necessarily establish an affirmative case. Heise v. Earnshaw Publications, Inc., D.C.D.Mass., 130 F. Supp. 38. Cf. Dyer v. MacDougall, 2 Cir., 201 F.2d 265, where, though the logical possibility of proving an affirmative case by disbelief of witnesses was declared to exist in "strict theory," the court granted summary judgment against the party having the affirmative burden of proof.

The situation before us much resembles that in Mosson, supra. The burden is on the defendant and in the last analysis its entire case rests on disbelief of Savage. But this, we hold, does not satisfy the substantial evidence requirement of New York. This is true no matter which side called Savage. Here the defendant has no substantial evidence whatever on its side.

We have no occasion to consider plaintiff's argument that even if Savage were found to have been on a frolic he had returned to the line of duty at the time of the accident, McConville v. United States, 2 Cir., 197 F.2d 680, certiorari denied 344 U.S. 877, 73 S.Ct. 172, 97 L.Ed. 679; Riley v. Standard Oil Co., 231 N.Y. 301, 132 N.E. 97, 22 A.L.R. 1382, since defendant never rebutted the initial presumption of responsibility for Savage's acts.

■ Although the case was finally submitted below on all issues, the decision below was made to turn on the issue of agency, and no findings were made on the other issues. We all agree that the finding below on the issue of agency must be reversed: Judges Lumbard and Waterman hold that on remand each side shall if it desires have opportunity to present additional proofs on that issue, the writer of this opinion dissenting. And if further evidence shall be received and the finding below on the agency issue shall be favorable to the plaintiff we unanimously hold that findings shall be made on all other issues on the record already made.

Reversed and remanded for further proceedings in accordance with this opinion.