SECOND DEPARTMENT, JULY, 1991

(July 1, 1991)

■ AETNA CASUALTY & SURETY COMPANY et al., Respondents, v RICHARD SANTOS, JR., Individually and as Administrator of the Estate of KEVIN SANTOS, Deceased, et al., Appellants.—In an action, *inter alia,* for a judgment declaring that the defendant Cornealouis Davis was not an insured under the contract of insurance between Aetna Casualty & Surety Company and Sallie Mae Porter, the defendants appeal from a judgment of the Supreme Court, Rockland County (Meehan, J.), entered September 22, 1989, which made the declaration.

Ordered that the judgment is affirmed, without costs or disbursements.

The defendant Cornealouis Davis was driving the plaintiff Sallie Mae Porter's car when he allegedly had an epileptic seizure and struck Kevin Santos, a one-and-one-half year old child, and killed him. Other members of the Santos family who were present at the scene of the accident also sustained

personal injuries. This declaratory judgment action was subsequently brought by Aetna Casualty & Surety Company (hereinafter Aetna) and Porter to seek a determination as to whether Davis had permission to use Porter's vehicle at the time of the accident. Following a nonjury trial, the Supreme Court found that Davis did not have permissive use of Porter's vehicle.

The defendants contend that the plaintiffs failed to present substantial evidence to rebut the presumption of permissive use created by Vehicle and Traffic Law § 388. The plaintiffs do not dispute the applicability of Vehicle and Traffic Law § 388, which section gives rise to the "presumption that the vehicle is being operated with the owner's consent" *(Walls v Zuvic,* 113 AD2d 936; *see, Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681; *Leotta v Plessinger,* 8 NY2d 449, 461). The presumption that an owner of a vehicle has consented to its use is " 'very strong' and continues until there is 'substantial evidence to the contrary' " *(Bruno v Privilegi,* 148 AD2d 652, 653, quoting *Albouyeh v County of Suffolk, supra,* at 544).

The record reveals that the plaintiff Sallie Mae Porter testified that Davis did not have permission to use her vehicle on the day of the accident. Davis was a tenant in Porter's house and was generally not permitted to use Porter's car. Ms. Porter's daughter also corroborated her testimony. Moreover, Davis testified, through his deposition testimony read at trial, that he was not permitted to use the car unless an emergency existed. We agree with the trial court's conclusion that Davis's use of the car to attend an appointment at the Department of Social Services was not an emergency under the circumstances of this case. Therefore, the trial court did not err in concluding that the plaintiffs presented sufficient evidence to rebut the presumption of permissive use under Vehicle and Traffic Law § 388.

We have considered the defendants' remaining contention and find that it is without merit. Thompson, J. P., Kunzeman, Harwood and Balletta, JJ., concur.