■ STATE FARM MUTUAL AUTOMOBILE INSURANCE, Appellant, and MELKIADO McCALLA, Respondent, v MICHAEL G. WHITE et al., Respondents. LINDA THOMAS, Individually and as Mother and Natural Guardian of ANTHONY THOMAS, an Infant, et al., Third-Party Plaintiffs-Respondents, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Third-Party Defendant-Respondent.—In an action for a judgment declaring, *inter alia,* that the plaintiff State Farm Mutual Automobile Insurance has no duty to defend and indemnify the defendant Michael G. White in an underlying negligence action, the plaintiff State Farm Mutual Automobile Insurance Company appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Rosenzweig, J.), dated September 21, 1989, as, after a nonjury trial, declared that it is obligated to defend and indemnify Michael G. White in the underlying negligence action.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and it is declared that State Farm Mutual Automobile Insurance has no duty to defend the defendant Michael G. White in connection with the underlying negligence action.

While riding his bicycle on August 8, 1987, Anthony Thomas was allegedly struck by a 1982 Toyota vehicle owned by Melkiado McCalla, and operated by her nephew, Michael G. White. A negligence action against both McCalla and White was commenced on behalf of the infant Thomas by his mother. State Farm Mutual Automobile Insurance (hereinafter State Farm), McCalla's insurer, sent White a letter disclaiming coverage of him as an insured under McCalla's policy because he did not have her permission to use the car on the date of the alleged accident. State Farm then commenced the instant declaratory judgment action in order to establish that it is not obligated by its contract with McCalla to furnish a defense or to indemnify White in connection with the underlying negligence action *(see, Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6). After a nonjury trial, the court found that White had operated the vehicle with McCalla's implied consent and granted judgment, *inter alia,* declaring that State Farm must defend and indemnify White in the underlying negligence lawsuit. We disagree.

Vehicle and Traffic Law § 388 (1) gives rise to a strong presumption that a driver of a vehicle uses it with the owner's consent; the presumption continues until there is substantial evidence to the contrary *(see, Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681). Upon this record we conclude that the presumption of consent was rebutted as a matter of law *(cf., Bruno v Privilegi,* 148 AD2d 652; *see also, Polsinelli v Town of Rotterdam,* 167 AD2d 579). The record consists of the uncontradicted testimony of both McCalla and White establishing that White did not have express permission to operate the automobile involved in the accident, and there was no competent evidence from which permission or authority could be inferred *(see, Barrett v McNulty,* 27 NY2d 928). Under the circumstances, we conclude that a finding of permissive use cannot be made based on any fair interpretation of the evidence. Accordingly, State Farm is entitled to judgment in its favor as a matter of law *(see,* 1 NY PJI2d 1:63, at 46-48). Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.