■ HATTIE WYNN, as Administratrix of the Estate of IRIS CATHCART, Deceased, Respondent, v DENISE MIDDLETON, Defendant, CALVIN BROWN, Respondent, and PAYLESS CAR RENTAL CORPORATION, Appellant. HATTIE WYNN, as Administratrix of the Estate of IRIS CATHCART, Deceased, Plaintiff, v LAMAR MIDDLETON, Defendant.—Order unanimously affirmed with costs. Memorandum: On June 3, 1985, Denise Middleton rented a vehicle from defendant Payless Car Rental Corporation for a period of five days. After signing the rental agreement, Denise gave permission to her brother, LaMar Middleton, to drive the vehicle. The vehicle was not returned in a timely manner and Payless attempted unsuccessfully to contact Denise regarding the vehicle. On June 30, 1985, plaintiff's decedent was a passenger in the vehicle when it was involved in an accident while being driven by Calvin Brown, who had borrowed the vehicle from a friend of LaMar Middleton. Plaintiff's decedent died from the injuries sustained in the accident. Denise Middleton had not given Calvin Brown permission to drive the vehicle.

On July 1, 1985, Denise Middleton reported the accident to Payless. On July 11, 1985, Payless sent a registered letter to

Denise informing her that the vehicle was overdue and advising her that a warrant would be issued for her arrest if the vehicle was not returned within two days of her receipt of the letter. On July 16, 1985, Payless contacted police to find out if the car had been involved in an accident. Plaintiff commenced this action against Denise Middleton, LaMar Middleton, Calvin Brown and Payless to recover damages for the wrongful death and personal injuries of plaintiff's decedent, as well as plaintiff's own mental and emotional trauma. Payless moved for summary judgment on the ground that the vehicle was not being operated with its knowledge, consent and permission at the time of the accident, that Calvin Brown was not a permitted renter under the rental agreement and, alternatively, that Payless' efforts to retrieve the vehicle evinced its lack of consent.

Every owner of a vehicle used or operated is liable for death or injuries to persons or property resulting from negligence in the use or operation of such vehicle by any person using or operating the same with permission, express or implied, of the owner (Vehicle and Traffic Law § 388 [1]). That section gives rise to a presumption that the vehicle is being operated with the owner's consent (see, Leotta v Plessinger, 8 NY2d 449, 461; Walls v Zuvic, 113 AD2d 936). The presumption prevails unless substantial evidence to the contrary is produced (see, Leotta v Plessinger, supra; Aetna Cas. & Sur. Co. v Brice, 72 AD2d 927, affd 50 NY2d 958). Where substantial evidence is offered tending to rebut the presumption of consent, the issue becomes a question of fact for the jury (Aetna Cas. & Sur. Co. v Brice, supra; Ryder v Cue Car Rental, 32 AD2d 143, 147).

Payless has not met its burden of overcoming the presumption of consent created by the statute (cf., Speller v Ryder Truck Rental, 47 AD2d 608). Summary judgment is not appropriate, and the issue of consent is for the jury.

We also reject Payless' argument that, as a matter of law, consent was not given because Calvin Brown was not a permitted driver under the rental agreement. Public policy considerations dictate that persons injured by the negligence of a driver should have recourse to a financially responsible defendant. Thus, lessors of automobiles may not enforce restrictions on the use of the automobiles by the renter and thereby escape liability to a third person on the ground that the violation of the restriction removed the element of consent required by section 388 (see, MVAIC v Continental Natl. Am. Group Co., 35 NY2d 260, 265; Allstate Ins. Co. v Dailey, 47 AD2d 375, 376, affd 39 NY2d 759). (Appeal from Order of

Supreme Court, Onondaga County, Reagan, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.