■ THERESA GUERRIERI, Respondent, v EVELYN GRAY et al., Respondents, LENNON MURDAUGH, Appellant, et al., Defendant. [610 NYS2d 301] —In an action to recover damages for personal injuries, the defendant Lennon Murdaugh appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated May 29, 1992, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him and any cross claims against him.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was a passenger in a car owned by Lennon Murdaugh and operated by Leo Marino, which collided with a

car owned by Evelyn Gray and operated by Harold Smallwood. She instituted the present action against Murdaugh, Marino, Gray, and Smallwood to recover damages for personal injuries she sustained as a result of the accident. Murdaugh moved for summary judgment, claiming that his car was stolen at the time of the accident, and that he should not be held liable for Marino's negligence. The motion was denied. Murdaugh appeals.

Vehicle and Traffic Law § 388 imputes to the owner of a car the negligence of one who uses or operates it with his permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent *(see, Bruno v Privilegi,* 148 AD2d 652, 653; *see also, Leotta v Plessinger,* 8 NY2d 449). However, this presumption may be rebutted by substantial evidence to the contrary *(see, Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681; *Gee v Gee,* 113 AD2d 736). Once the presumption is rebutted, it is incumbent upon the parties opposing the motion to come forward with evidence, in admissible form, to demonstrate the existence of a question of fact *(see, Zuckerman v City of New York,* 49 NY2d 557; *Guerra v Kings Plaza Leasing Corp.,* 172 AD2d 583).

Murdaugh rebutted the presumption of permission by offering proof that his car was stolen at the time of the accident. However, the plaintiff and the codefendants Gray and Smallwood presented sufficient evidence to raise a question of fact regarding the issue of consent. Murdaugh allegedly knew that his car had been stolen at 2:00 A.M. on October 17, 1988. Shortly thereafter, the police notified him that the car had been "totaled" in an accident. He did not report that the car had been stolen at the time the police notified him of the accident, but, rather, waited until 4:30 A.M. to do so. Accordingly, summary judgment was properly denied.

Murdaugh's remaining contention is unpreserved for appellate review. Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.