■ VERONICA STEWART et al., Respondents, v TOWN OF HEMPSTEAD et al., Appellants, et al., Defendant. [611 NYS2d 909] —In an action, inter alia, to recover damages for personal injuries, the defendants Town of Hempstead and the Water Department of the Town of Hempstead , appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated July 8, 1992, which, upon renewal, denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who operates it with the owner's permission. That section gives rise to a rebuttable presumption that the vehicle is being operated with the owner's consent (see, Leotta v Plessinger, 8 NY2d 449, 461; see also, Tabares v Colin Serv. Sys., 197 AD2d 571; Wynn v Middleton, 184 AD2d 1019; Scrader v Carney, 180 AD2d 200; Aetna Cas. & Sur. Co. v Santos, 175 AD2d 91; Guerra v Kings Plaza Leasing Corp., 172 AD2d 583). The presumption of consent, moreover, has been characterized as " 'very strong' " and continues until there is " 'substantial evidence to the contrary' " (Bruno v Privilegi, 148 AD2d 652, quoting Albouyeh v County of Suffolk, 96 AD2d 543, 544, affd 62 NY2d 681).

Upon this record, we conclude that the presumption was not rebutted as a matter of law. If the driver of this vehicle had been allowed to use it on several occasions as reflected in the testimony of his supervisor given at an examination before trial, a jury could reasonably conclude that his use of the vehicle on the night of the accident was with the implied permission of the appellants.

The appellants have not met their burden of overcoming the presumption of consent created by the statute. We therefore find that summary judgment is not appropriate, and the issue of consent is properly for the jury. Rosenblatt, Ritter and Friedmann, JJ., concur.

Balletta, J. P., dissents and votes to reverse the order appealed from, on the law, with costs, and to grant the appellants' cross motion for summary judgment dismissing the complaint against them with the following memorandum: I respectfully disagree with the majority and would reverse and grant summary judgment in favor of the Town of Hempstead and the Water Department of the Town of Hempstead.

The instant action arises out of an accident wherein a pickup truck owned by the defendant Town of Hempstead (hereinafter the Town) and operated by the defendant Ronnie L. Sanford, an employee of the Town's Water Department, collided with a vehicle in which the plaintiffs, Veronica and Craig Stewart, were passengers. It is uncontroverted that Sanford had left work for the night (having finished his work shift) and was on his way home when the accident occurred. Since, as a general rule, an employee traveling to or from work is not acting within the scope of his employment (see, Hawkins v Newman, 177 AD2d 683; Matos v Depalma Enters., 160 AD2d 1163), the appellants may not be held liable on the basis of the doctrine of respondeat superior.

Moreover, there is no basis in the record upon which the appellants could be held liable under Vehicle and Traffic Law § 388 (1). That statute imputes to the owner of the motor vehicle the negligence of one who uses or operates the vehicle with the owner's express or implied permission.

The majority suggests that Sanford may have had discretion to use the vehicle, thus raising an inference of implied permission, but the record does not support that possibility.

It is undisputed that Sanford's job did not require his use of a motor vehicle and at an examination before trial his supervisor testified that Sanford had requested and had been given specific permission to use a Town vehicle to get home on three or four prior occasions. There is nothing in the record which suggests that Sanford ever used the vehicle without specific permission prior to the date of the accident, nor is there anything in the record which suggests that he received such permission on the night of the accident. Indeed, Sanford testified at his examination before trial that he had received specific instructions prior to the date of the accident not to

take a truck home. He also acknowledged on several occasions that no one gave him permission to use the truck on that night, that he was not allowed to use it but took it anyway and that he was not driving the vehicle on Town business.

The evidence to the effect that Sanford was specifically advised that he could not take the truck home was not controverted by the plaintiffs, nor was there any proof that there were any prior violations by Sanford or other employees of the "no personal use" policy implemented by the Town in the fall of 1989, prior to the accident.

It is clear then that Sanford did not have discretion to use the truck; and, in my view, a jury could not reasonably conclude that the use of the truck on the night of the accident was with the implied permission of the appellants. In view of the fact that he only used the truck when given specific permission by his supervisor and his acknowledgement that he had been told he could not use the truck for his trip home and that he did not have permission to use the truck that night, I am led to the inescapable conclusion that Sanford was driving the vehicle without permission. Therefore, the Town of Hempstead and the Water Department of the Town of Hempstead could not be held liable for Sanford's negligent acts.