■ Martin Leonard, Respondent, v Edmund Karlewicz, Doing Business as Tri-City Sharpening, Appellant, et al.,

---

Defendant. [627 NYS2d 169] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 22, 1994 in Schenectady County, which denied a motion by defendant Edmund Karlewicz, doing business as Tri-City Sharpening, for summary judgment dismissing the complaint against him.

At the time of the accident giving rise to this personal injury action, defendant Richard T. Comacho was employed by defendant Edmund Karlewicz, doing business as Tri-City Sharpening (hereinafter defendant). On Saturday, October 27, 1990, Comacho went to defendant's place of business, which apparently was not open at the time, and, using a set of keys he had made surreptitiously, removed one of defendant's vans from the parking lot. Comacho subsequently picked up plaintiff and the two attended a concert in the City of Albany. Comacho testified at his examination before trial that when the concert began, both he and plaintiff had consumed a quantity of alcohol and were under the influence of marihuana and LSD.

Following the concert, Comacho and plaintiff proceeded to a tavern in Schenectady County where, according to plaintiff, the two consumed an additional nine pitchers of beer. Comacho ultimately passed out on the bar and, after being roused by the bartender, left the tavern with plaintiff at approximately 4:00 A.M. on the morning of October 28, 1990. While en route to their apartment, Comacho apparently fell asleep at the wheel, struck a highway divider and crashed into an oil truck.

Plaintiff thereafter commenced this action against Comacho and defendant for the injuries he allegedly sustained in the accident. Following joinder of issue and discovery, defendant moved for summary judgment upon the ground that Comacho was not a permissive user of the vehicle at the time of the accident. Supreme Court denied defendant's motion, finding that there was a question of fact as to whether Comacho had defendant's implied consent to use the vehicle in question. This appeal by defendant followed.

It is well settled that Vehicle and Traffic Law § 388 (1) "creates a strong presumption that the driver of a vehicle is operating it with the owner's permission and consent, express or implied, and that presumption continues until rebutted by substantial evidence to the contrary" (Greater N. Y. Mut. Ins. Co. v Clark, 205 AD2d 857, 858, lv denied 84 NY2d 807; see, Guerrieri v Gray, 203 AD2d 324, 325). Although the question of permission and consent normally is one for the jury (see

*generally, Schrader v Carney,* 180 AD2d 200, 209), our review of the record before us leads us to conclude that in this particular case, the presumption has been rebutted as a matter of law.

In support of his motion for summary judgment, defendant submitted an affidavit in which he averred that Comacho was operating the van at the time of the accident without his knowledge, consent or permission, and that to the extent that Comacho had a set of keys to the van, Comacho had obtained those keys without his knowledge or consent. Defendant also stated that following a July 1990 accident with the van, Comacho specifically was instructed by defendant that he was not to use the van for any reason.

In addition to the foregoing affidavit, defendant submitted a copy of Comacho's examination before trial testimony. Although plaintiff asserts that such testimony presents a credibility issue that cannot be resolved on a motion for summary judgment, we disagree. Comacho conceded at his examination before trial that following the July 1990 accident, defendant told him that he was not to use the van for personal matters. Additionally, even accepting as true Comacho's testimony that defendant indeed allowed him to use the van for personal matters following the July 1990 accident, Comacho's testimony makes clear that his use of the van after this date was confined to running errands during normal working hours with defendant's express permission *(compare, Tabares v Colin Serv. Sys.,* 197 AD2d 571, 572).[1] Further, Comacho conceded that he did not have defendant's permission to use the van on the night he attended the concert with plaintiff in October 1990 *(see, Bruno v Privilegi,* 148 AD2d 652, 653).

In short, despite Comacho's attempts to portray himself as a permissive user[2], the record plainly establishes that Comacho did not have defendant's express permission to use the van on the night in question, and there is nothing in the record to

---

1. Although Comacho testified that he did use the van on a weekend after the July 1990 accident to move into a new apartment, he acknowledged that he did not ask defendant for permission to use the van and that defendant had no idea that Comacho had in fact taken the van for use after hours on this particular occasion.

2. As to the dissent's concern regarding possible collusion between Comacho and defendant, we see no evidence of that in this record. Moreover, in most circumstances, it certainly would not be in a driver's best interest to cast himself or herself as a nonpermissive user, and we do not believe that the mere possibility of such conduct should automatically preclude granting a motion for summary judgment.

suggest that following the July 1990 accident Comacho had defendant's implied permission to use the van for personal matters after normal working hours *(see, State Farm Mut. Auto. Ins. v White,* 175 AD2d 122, 123; *see also, Stewart v Town of Hempstead,* 204 AD2d 431, 432 [Balletta, J. P., dissenting]). Indeed, Comacho testified that at some point prior to the October 1990 accident, he had asked defendant for permission to use the van to attend a concert in Saratoga County and that defendant refused.

Under these circumstances, the statutory presumption has been rebutted and defendant's motion for summary judgment should have been granted. In light of this conclusion, we need not address the remaining arguments advanced by defendant on appeal.

Mikoll, J. P., Casey and Spain, JJ., concur.

Yesawich Jr., J. (dissenting). I respectfully dissent. In my view, summary judgment is inappropriate, for the evidence purportedly rebutting the presumption of permissive use consists of nothing more than the inadequately corroborated representations of the driver and owner, both of whom are defendants and, obviously, vitally interested in the outcome of the action *(compare, Rooney v Myers,* 132 AD2d 839, 840, *lv denied* 70 NY2d 612). It strikes me that summary relief is particularly imprudent where the driver has been given permission to operate the vehicle on prior occasions, or where evidence makes the scope of the driver's authority a perceptible issue—as is the case here. In these circumstances, the credibility of interested parties being key to the disposition of the motion, and the pertinent facts ordinarily being solely within the knowledge of the defendants *(see, Stewart v Town of Hempstead,* 204 AD2d 431; *Santorio v Diaz,* 86 AD2d 926; *Reyes v Sternberg,* 27 AD2d 828; *Cosimo v Hollenbeck,* 19 AD2d 921), the question of consent is better left to the fact finder.

Given the very strong presumption created by Vehicle and Traffic Law § 388 *(see, Stewart v Town of Hempstead, supra,* at 431), I believe there is enough in the record from which it can be inferred that defendant Richard T. Comacho had implied permission to use the van on October 28, 1990. In his deposition testimony, Comacho stated a number of things, among them that he did not remember his employer telling him, "at any time" before the October accident, not to use the van except for work-related reasons; that after the July 1990 accident and before the October 1990 accident, he had indeed

been given permission to use the van for nonwork purposes; that the July 1990 statement he signed declaring that defendant Edmund Karlewicz (hereinafter defendant) "at no time in the past had * * * ever allowed [Comacho] the use of [the] vehicle for * * * personal use" was simply not so, and that he signed that statement, which defendant apparently needed for insurance purposes, in order to keep his job. When questioned as to whether he informed defendant that he would be using the van on October 27, 1990, Comacho averred "I don't recall" and again, when asked if he advised his employer that he would be using the van on the weekend of October 27, 1990, he responded "I was never told I could not use the van". And, although it is apparently controverted, Comacho also testified that he "was never charged with any unauthorized use of the motor vehicle". Bearing in mind Comacho's testimony that he had never been denied permission to use the van for personal use whenever he sought it, and that he does not recall why he did not ask defendant if he could use the van that weekend, it would not be unreasonable for the fact finder to conclude that implied permission was granted. Supreme Court's determination being amply justified, I would affirm the order denying defendant's motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Edmund Karlewicz and complaint dismissed against him.