■ THEODORE LEONARD, Respondent, v ELITE INVESTIGATIONS, LTD., Appellant, et al., Defendant. [633 NYS2d 214] —In an action to recover damages for personal injuries, the defendant Elite Investigations, Ltd., appeals from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated April 12, 1994, as, upon granting the plaintiff's motion to vacate an order of the same court, dated January 24, 1994, entered upon his default in responding to a prior motion by Elite Investigations, Ltd., for summary judgment dismissing the complaint

insofar as it is asserted against it, denied the prior motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the prior motion for summary judgment is granted, and the complaint is dismissed insofar as it is asserted against the defendant Elite Investigations, Ltd.

The record shows that the appellant Elite Investigations, Ltd. (hereinafter Elite) submitted sufficient proof on its motion for summary judgment to establish that the vehicle owned by it was being driven without its permission and consent at the time the plaintiff was struck and injured. Under the circumstances, Elite was not liable for the plaintiff's injuries *(see,* Vehicle and Traffic Law § 388 [1]; *Albouyeh v County of Suffolk,* 62 NY2d 681, 683). The plaintiff failed to submit evidentiary proof in admissible form sufficient to rebut Elite's prima facie entitlement to summary judgment *(see, e.g., Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). Bracken, J. P., O'Brien, Ritter and Friedmann, JJ., concur.

Goldstein, J., dissents and votes to affirm the order dated April 12, 1994, insofar as appealed from, with the following memorandum: The facts leading up to the accident are undisputed. Nathan Rivera was employed by the defendant Elite Investigations, Ltd. (hereinafter Elite) until November 17, 1987, when he resigned. However, he refused to turn in his employee identification card.

On the evening of December 10, 1987, Rivera showed his employee identification card to Elite's parking attendant, who gave him the keys to a car registered to Elite under registration number YXP 661. Rivera then drove the car away, and hit the plaintiff at about 1:20 A.M. on December 11, 1987.

On December 11, 1987, around 12 noon, Elite reported the car stolen. There is no evidence in the record as to how Elite ascertained that the vehicle had been stolen. Rivera was later prosecuted for grand larceny in the fourth degree.

Vehicle and Traffic Law § 388 provides that "[e]very owner of a vehicle used or operated in this state shall be liable" for the negligence of "any person using or operating the same with the permission, express or implied, of such owner". As this Court noted in *Guerrieri v Gray* (203 AD2d 324, 325), "[t]his section gives rise to a presumption that the vehicle is being operated with the owner's consent". Elite asserts that since the vehicle was reported stolen, and Rivera was prosecuted for grand larceny in the fourth degree for taking the vehicle, it conclusively rebutted that presumption.

In this case, Rivera fraudulently obtained the vehicle from Elite's parking lot attendant by using an employee identification card he was no longer authorized to use. Rivera's theft of the vehicle would have been characterized under the common law as "larceny by trick" *(People v Norman,* 85 NY2d 609, 618, n 3; *People v Miller,* 169 NY 339, 352), since it involved Elite's voluntary relinquishment of possession of the vehicle to Rivera based upon false pretenses.

In *Allstate Ins. Co. v Dailey* (47 AD2d 375, *affd* 39 NY2d 759), this Court held that, where a vehicle is obtained from a car rental company by false pretenses—in that case, use of a forged or stolen identification card and license—the owner is nevertheless vicariously liable pursuant to Vehicle and Traffic Law § 388 *(see also, Lorippo v Chrysler Leasing Corp.,* 59 Misc 2d 534).

The public policy behind that holding was that the owner, who insured the automobile, placed it in the traffic stream, and had the opportunity to verify the driver's identification, should bear the financial responsibility for the resulting injury.

Similarly, in *Hardeman v Mendon Leasing Corp.* (87 AD2d 232, 239, *affd* 58 NY2d 892), the Appellate Division, First Department, held that an owner was liable under Vehicle and Traffic Law § 388 for the negligence of a person who fraudulently obtained a vehicle from it, where the fraud extended to "a material aspect of its decision to release the van to [the driver], viz., his intended use of the vehicle and concomitant authority". In *Hardeman v Mendon Leasing Corp. (supra),* as in the instant case, the defendant's "garageman" released the vehicle to the driver based upon misrepresentations that the driver had authorization to use the vehicle. The driver was prosecuted for grand larceny and pleaded guilty to unauthorized use of a vehicle.

The Court noted in *Hardeman v Mendon Leasing Corp. (supra),* that the owner was in a position to verify whether the driver's request to use the vehicle was authorized. Similarly, in the instant case, Elite was in a position to verify whether Rivera was still its employee, and whether Rivera had authorization to use the vehicle.

Further, this Court has held that the failure to report a car stolen until after the notification of the accident is a factor which can constitute a reason to deny summary judgment to the owner *(see, Guerrieri v Gray,* 203 AD2d 324, *supra).* In this case, the vehicle was not reported stolen until nearly 12 hours after the accident. Elite will not say how it ascertained that the vehicle was missing, or whether it only reported the vehicle stolen after it learned of the accident.

Under the circumstances, Elite's motion for summary judgment was properly denied.