■ TAFEEK LAWRENCE et al., Respondents, v BRANDON V.
MYLES, Respondent, and REPLACEMENT RENT-A-CAR, INC., Do-
ing Business as AUTOMATE AUTO RENTAL AND/OR AGENCY
RENT-A-CAR, Appellant. [634 NYS2d 316] —Order modified on the
law and as modified affirmed without costs in accordance with
the following Memorandum: Supreme Court properly denied
the motion of defendant rental agency for summary judgment

dismissing the consolidated complaints against it but erred in granting the cross motion of defendant Myles for summary judgment on the issue of defendant rental agency's liability. Defendant rental agency failed to meet its burden of conclusively rebutting the presumption that defendant Myles operated the vehicle with his mother's permission, a presumption that may be rebutted only by substantial evidence *(see, Leotta v Plessinger,* 8 NY2d 449, 461, *rearg denied* 9 NY2d 688, *remittitur amended* 9 NY2d 686; *Greater N. Y. Mut. Ins. Co. v Clark,* 205 AD2d 857, 858-859, *lv denied* 84 NY2d 807; *Wynn v Middleton,* 184 AD2d 1019, 1020). "Where substantial evidence is offered tending to rebut the presumption of consent, the issue becomes a question of fact for the jury" *(Wynn v Middleton, supra* at 1020).

Here, there are inconsistencies in the deposition testimony of defendant Myles and the affidavit of his mother. According to the deposition testimony of defendant Myles, his mother gave him express permission to operate the vehicle on the day before the accident but did not give him permission to operate it on the day of the accident. According to the affidavit of the mother, she never gave her son permission to operate the vehicle. The testimony of defendant Myles that his mother gave him express permission to operate it on the day before the accident raises an issue of fact whether his mother gave him implied permission to operate the vehicle on the day of the accident *(see, MVAIC v Levinson,* 218 AD2d 606; *Greater N. Y. Mut. Ins. Co. v Clark, supra; Wynn v Middleton, supra).* That issue of fact precludes summary judgment to either party.

We modify the order on appeal, therefore, by denying the cross motion of defendant Myles for summary judgment determining that defendant rental agency is liable for plaintiffs' damages.

All concur except Balio, J., who dissents in part and votes to reverse in the following Memorandum:

Balio, J. (dissenting in part). I respectfully dissent in part. I agree with the majority that Supreme Court should have denied the cross motion of defendant Myles for summary judgment. I further agree with the principle that, "[w]here substantial evidence is offered *tending* to rebut the presumption of consent, the issue becomes a question of fact for the jury" *(Wynn v Middleton,* 184 AD2d 1019, 1020 [emphasis added]). However, summary judgment is appropriate when, as here, the uncontroverted testimony of defendant Myles at his examination before trial establishes that he did not have permission, express or implied, to drive the vehicle at the time

of the accident, the day after the prom, and the affidavit of the mother likewise states that defendant Myles did not have such permission *(see, Albouyeh v County of Suffolk,* 62 NY2d 681, 683; *Leonard v Karlewicz,* 215 AD2d 973; *Pow v Black,* 182 AD2d 484; *Guerra v Kings Plaza Leasing Corp.,* 172 AD2d 583, 584; *Polsinelli v Town of Rotterdam,* 167 AD2d 579, 580-581; *Bruno v Privilegi,* 148 AD2d 652, 653; *Gee v Gee,* 113 AD2d 736). There is no inconsistency between the testimony of defendant Myles and the affidavit of his mother on that issue, and any inconsistency regarding other matters does not preclude summary judgment *(see, Albouyeh v County of Suffolk, supra).* The uncontroverted evidence that the mother did not give defendant Myles permission to drive on the day after the prom did more than *tend* to rebut the presumption. Absent the submission of evidence by plaintiff contradicting such proof, the presumption was conclusively rebutted *(see, Leonard v Karlewicz, supra; Pow v Black, supra; Guerra v Kings Plaza Leasing Corp., supra).* Defendant Myles properly observes that the owner of a rental vehicle cannot escape liability by relying upon provisions in a lease agreement restricting the use of a vehicle by the lessee *(see, MVAIC v Continental Natl. Am. Group Co.,* 35 NY2d 260, 265; *Wynn v Middleton, supra).* The rental agency, however, does not rely upon its lease agreement. Instead, the rental agency correctly maintains that it cannot be held vicariously liable when its lessee expressly prohibits use of the vehicle by a third person *(cf., Wynn v Middleton, supra).* Thus, I would grant the motion of defendant rental agency for summary judgment dismissing the complaint against it. (Appeal from Order of Supreme Court, Monroe County, Rosenbloom, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Callahan, Balio and Davis, JJ.