■ ISAMAR JIMENEZ, Appellant, v JOSEPH R. REGAN et al., Respondents. [669 NYS2d 968] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated February 5, 1997, which, after a framed issue hearing to determine whether the offending vehicle was operated with the permission of its owner, dismissed the complaint insofar as asserted against the defendant Avelino Casas.

Ordered that the order is affirmed, with costs.

The plaintiff's contention that he was deprived of his right to a jury trial is unpreserved for appellate review, since the plaintiff failed to object to the framed issue hearing and participated without protest (*see, Vias v Rohan*, 119 AD2d 672; *Petty v Field*, 97 AD2d 538).

The defendant Avelino Casas presented sufficient evidence tending to rebut the presumption that the defendant Joseph Regan, his daughter's boyfriend, had been driving Casas's vehicle with his consent (*see,* Vehicle and Traffic Law § 388 [1]; *Leotta v Plessinger*, 8 NY2d 449, 461; *Wynn v Middleton*, 184 AD2d 1019, 1020; *Schrader v Carney*, 180 AD2d 200, 209; *State Farm Mut. Auto. Ins. v White*, 175 AD2d 122; *Walls v Zuvic*, 113 AD2d 936, 937). The uncontroverted evidence established that Casas had explicitly told Regan that he was not permitted to drive Casas's vehicle and that Casas's daughter let Regan drive the car after she arrived at his home on the date of the accident. The issue was properly submitted to the trier of fact, and its determination that there was no permissive use was based upon a fair interpretation of the evidence. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.