■ HERBERT M. ROSENBERG et al., Appellants, v LEWIS A. MAZZONE et al., Respondents, et al., Defendant. [673 NYS2d 943] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle J.), entered March 13, 1997, which granted the separate motions of the defendants Lewis A. Mazzone and K.D.'s Auto Body, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Herbert M. Rosenberg was injured when he was struck by an automobile driven by the defendant Gilbert Dewynter and owned by the defendant Lewis A. Mazzone. Mazzone submitted sufficient proof on his motion for summary judgment to establish that his vehicle was being driven without his permission or consent at the time the injured plaintiff was struck (*see, Leonard v Elite Investigations*, 221 AD2d 322; *Guerra v Kings Plaza Leasing Corp.*, 172 AD2d 583; *see also,*

*Walls v Zuvic*, 113 AD2d 936). Under the circumstances, Mazzone was not liable for Rosenberg's injuries (*see,* Vehicle and Traffic Law § 388 [1]; *Leonard v Elite Investigations, supra*). Rosenberg failed to submit evidentiary proof in admissible form sufficient to rebut Mazzone's prima facie entitlement to summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068; *Leonard v Elite Investigations, supra; Aetna Cas. & Sur. Co. v Santos,* 175 AD2d 91; *Guerra v Kings Plaza Leasing Corp., supra*).

In addition, since the record is devoid of any evidence indicating that Dewynter was employed by K.D.'s Auto Body, Inc. (hereinafter K.D.'s), we find that the contentions raised by the plaintiffs in opposition to K.D.'s motion for summary judgment are bare, conclusory allegations which are insufficient to defeat its motion (*see, Moxon v Barbour*, 106 AD2d 558).

The plaintiffs' remaining contentions are not properly before this Court as they are based on facts which are dehors the record and have been raised for the first time on appeal (*see, Matter of Allstate Ins. Co. v Bieder*, 212 AD2d 693; *Martin v Manhattan & Bronx Surface Tr. Operating Auth.*, 198 AD2d 160). Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.