■ Victor G. Somma et al., Plaintiffs, v Marlena Castellano et al., Defendants. (Action No. 1.) Victor G. Somma et al., Plaintiffs, v St. Charles Hospital & Rehabilitation Center, Defendant. (Action No. 2.) State Farm Mutual Automobile Insurance Company et al., Appellants, v Thomas A. Gallo et al., Appellants, and Marlena Castellano et al., Respondents. (Action No. 3.) [793 NYS2d 480]—

In an action to recover damages for personal injuries, etc., a related action to recover damages for medical malpractice, etc., and a related action for a judgment declaring that State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company are not obligated to indemnify Marlena Castellano in the personal injury action, the plaintiffs in action No. 3 appeal and Thomas A. Gallo and Gina Gallo, defendants in action No. 3, separately appeal, from an order of the Supreme Court, Nassau County (Parga, J.), dated November 3, 2003, which denied the motion of the plaintiffs in action No. 3 for summary judgment, granted the separate cross motions of Marlena Castellano and Travelers Property and Casualty Insurance Company, defendants in action No. 3, for summary judgment declaring that Thomas A. Gallo and Gina Gallo are vicariously liable if Marlena Castellano is found to have been negligent in the operation of Thomas A. Gallo's vehicle and that the plaintiffs in action No. 3 are obligated to defend and indemnify Marlena Castellano.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the cross motions of the defendant Marlena Castellano and the defendant Travelers Property and

Casualty Insurance Company for summary judgment and substituting therefor provisions denying the cross motions; as so modified, the order is affirmed, with one bill of costs to the plaintiffs in action No. 3, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

The Supreme Court erred in granting summary judgment in action No. 3 to the defendants Marlena Castellano and Travelers Property and Casualty Insurance Company on the ground that, as a matter of law, Castellano was operating the defendant Thomas A. Gallo's vehicle with his permission at the time of the subject accident (*see* Vehicle and Traffic Law § 388 [1]). The presumption that a driver was operating a vehicle with the owner's permission may be rebutted with substantial evidence to the contrary (*see Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]; *Lancer Ins. Co. v Republic Franklin Ins. Co.*, 304 AD2d 794, 797 [2003]). The evidence presented was sufficient to raise a triable issue of fact as to whether Castellano's use of Thomas A. Gallo's vehicle was outside the scope of his consent (*see Chambers v City of New York*, 309 AD2d 81, 87 [2003]; *Jimenez v Regan*, 248 AD2d 510 [1998]; *Walls v Zuvic*, 113 AD2d 936 [1985]). Furthermore, there is a question of fact as to whether Gina Gallo was a bailee by reason of her alleged exclusive use of the vehicle for at least 30 days prior to the accident and thereby qualifies as an "owner" under Vehicle and Traffic Law § 128. If found to be a co-owner of the vehicle, she would be jointly and severally liable for any negligence on the part of Castellano (*see* Vehicle and Traffic Law §§ 128, 388 [3]). Accordingly, because questions of fact exist, summary judgment should have been denied.

The parties' remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.