**COUNTRY WIDE INSURANCE COMPANY, Defendant–Appellant,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, also known as Amtrak, Defendant–Appellee.**

**Hui Haw So, Pyong Mun So and Christina So, Plaintiffs.**

**Docket No. 04–0513–CV.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 2, 2005.

Decided: April 28, 2005.

Joseph D. Nohavicka, Jaffee & Nohavicka, New York, New York, for Defendant–Appellant.

William G. Ballaine, Landman Corsi Ballaine & Ford, New York, New York, for Defendant–Appellee.

Before: JACOBS and CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

RAKOFF, District Judge:

At issue in this case is whether the presumption effectively created by § 388(1) of New York's Vehicle & Traffic Law—that a driver of a vehicle has the

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

owner's permission to drive the vehicle—may be overcome, sufficiently to warrant summary judgment in the owner's favor, by uncontradicted evidence from the owner and the driver denying such permission. Although variants of this issue recur with some frequency and implicate important public policies of the state, New York case law, as we read it, provides no clear answers. Accordingly, we deem it prudent to certify certain questions to the New York Court of Appeals pursuant to 2d Cir. R. § 0.27 and N.Y. Comp.Codes R. & Regs. tit. 22, § 500.17.

The case comes to us on the appeal of defendant-appellant Country Wide Insurance Company ("Country Wide") from an order of the district court dated December 16, 2003 granting summary judgment in favor of defendant-appellee National Railroad Passenger Corporation ("Amtrak"). Plaintiffs did not participate in the underlying summary judgment practice, nor are they participating in this appeal.

The action stems from events that transpired on February 27, 2000, when an Amtrak foreman named Alex D. Sanchez arrived for work at Amtrak's Sunnyside Yard facility at 6:45 p.m., although his shift did not begin until 8 p.m. After arriving at work, Sanchez realized that he had left at home his Amtrak-issued radio, which he would need for his work. Without requesting permission, he took an Amtrak vehicle and drove back home to pick up the radio. Returning to work with the radio in the vehicle, he struck the vehicle of plaintiffs Hui How So, Pyong Mun So, and Christina So at around 7 p.m., causing various injuries. Plaintiffs thereafter brought a negligence action against Amtrak in state court, which Amtrak, as a federally-owned corporation, removed to the Eastern District of New York. On July 24, 2003, plaintiffs filed an amended complaint adding Country Wide, plaintiffs' automobile insurance carrier, as a co-defendant, since plaintiffs' uninsured motorist coverage would be triggered if Amtrak were to escape liability.

Amtrak subsequently moved for summary judgment on the ground that it could not be held liable because Sanchez did not have Amtrak's express or implied permission to operate Amtrak's vehicle within the meaning of New York Vehicle and Traffic Law § 388(1). That section provides that "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner." In support of its motion, Amtrak submitted the following documents:

- A declaration from David Zwolinski, Sanchez's supervisor, stating that Sanchez took the vehicle without permission and that his use of the vehicle was not within the scope of his employment.

- A two-paragraph statement from Sanchez himself, given the day after the accident, explaining that he took the vehicle to go pick up the radio after he arrived early for his shift, that he lost control of the vehicle, and that he was ejected from the vehicle into the roadway. This statement was witnessed by Zwolinski.

- Two contemporaneous internal Amtrak accident reports, both of which indicate that the use of the vehicle was "unauthorized." Both reports are signed by Zwolinski.

- A letter dated March 13, 2000 from Dane P. Wagner, Charging Officer at Amtrak, notifying Sanchez that he should appear on March 27, 2000 for a formal investigation into his conduct in

taking an Amtrak vehicle without permission and getting into an accident.

• A written waiver dated September 20, 2000 signed by Sanchez agreeing to waive his right to a formal investigation and instead accepting certain specified terms of discipline, to wit: that all lost wages between February 27, 2000 and March 27, 2000, plus 30 workdays, would be held in abeyance for a period of two years; that no claim would be submitted with the exception of Sanchez's medical bills, which would be paid "at the discretion" of the Amtrak claims department; and that Sanchez would pay restitution to Amtrak in the amount of $17,600, at the rate of approximately $68 per week for five years, for the destruction of the Amtrak vehicle.

Country Wide offered no contrary evidence, but opposed the motion on the ground that a reasonable jury could infer from Amtrak's evidence that Sanchez had at least implied permission to take the vehicle. This inference arose, Country Wide argued, from Sanchez's use of the vehicle for a business-related purpose, from the absence of any evidence that Amtrak reported the vehicle as stolen or missing, and from the possibility of collusion in the manner in which Amtrak gathered evidence of the events and disciplined Sanchez. The district court, however, regarding Country Wide's arguments as speculative at best, granted Amtrak's motion for summary judgment. This timely appeal followed.

■ Section 388(1) reflects the policy judgments of the New York legislature that an injured plaintiff should have recourse to a financially responsible defendant and that owners of vehicles will select and supervise drivers with more care if the owners are held responsible for the drivers' negligence. *See Murdza v. Zimmerman,* 99 N.Y.2d 375, 756 N.Y.S.2d 505, 786

N.E.2d 440, 441–42 (2003). To further these purposes, the statute has been interpreted by the New York courts as creating a presumption that a driver of a vehicle operates the vehicle with the owner's permission, implied or express—a presumption that may be rebutted only by "substantial evidence" that the vehicle was not operated with such consent. *Barrett v. McNulty,* 27 N.Y.2d 928, 318 N.Y.S.2d 144, 266 N.E.2d 823, 824 (N.Y.1970); *Leonard v. Karlewicz,* 215 A.D.2d 973, 974–75, 627 N.Y.S.2d 169 (3d Dep't 1995); *Guerrieri v. Gray,* 203 A.D.2d 324, 325, 610 N.Y.S.2d 301 (2d Dep't 1994); *see Horvath v. Lindenhurst Auto Salvage, Inc.,* 104 F.3d 540, 542 (2d Cir.1997) (applying New York law).

In *Mandelbaum v. United States,* 251 F.2d 748, 751 (2d Cir.1958), we reviewed the New York law as it then stood and noted that "[s]everal New York cases have considered this requirement of 'substantial evidence' [and] indicate that even where the owner and driver testify without contradiction as part of the defendant's case that the driver had no permission or was out of the scope of employment, the case should still go to the trier of fact and if that evidence of interested witnesses is disbelieved the presumption has not been overcome." This statement refers to trial testimony, rather than testimony offered in the context of summary judgment; but if applicable to summary judgment as well, it would seemingly preclude summary judgment in favor of a vehicle owner if substantially premised on the averments of interested witnesses, even if otherwise uncontradicted.

However, we are uncertain that our statement in *Mandelbaum* is an accurate reflection of current New York state law. Several years after this Court's decision in *Mandelbaum,* the New York Court of Appeals in *Barrett v. McNulty, supra,* faced the question of whether judgment as a

matter of law was appropriately granted in a case involving § 388(1). *Barrett* held that if the owner of a vehicle presents "uncontradicted evidence" that the driver did not have permission to use the vehicle and there is no "competent evidence from which permission or authority could be inferred," the case may be dismissed as a matter of law. *Id.* at 824.

Subsequently, in *Leonard v. Karlewicz, supra,* the Appellate Division, Third Department held that an affidavit from the vehicle's owner averring that the vehicle was driven at the time of the accident without permission, coupled with deposition testimony from the driver that he did not have permission to use the owner's vehicle on the night of the accident, was sufficient not only to rebut the presumption of permissive use but also to warrant the award of summary judgment in the owner's favor. Responding to the plaintiff's suggestion of collusion between the owner and the driver, the court in *Leonard* noted that "we see no evidence of [such collusion] in the record," and added that "in most circumstances, it certainly would not be in a driver's best interest to cast him or herself as a nonpermissive user, and we do not believe that the mere possibility of such [collusive] conduct should automatically preclude granting a motion for summary judgment." 215 A.D.2d at 976 n. 2, 627 N.Y.S.2d 169.

■ Our first question, then, is whether, under New York law, uncontradicted statements of both the owner and the driver that the driver was operating the vehicle without the owner's permission are sufficient to warrant a court in awarding summary judgment to the owner.

If the answer is "no," we would then need to know—and this is our second question—whether additional circumstantial evidence such as the contemporaneous accident reports submitted by the owner here may tip the balance and warrant a court in awarding summary judgment despite the interested nature of the sources.

Assuming *arguendo* that summary judgment could not be awarded under either scenario, we would next need to know—and this is our third question—whether the uncontradicted testimony of driver and owner that the the driver was operating the vehicle without permission, even if not sufficient to warrant summary judgment, is sufficient at a trial to overcome the statutory presumption of permissive use, thereby placing the burden on plaintiff to prove permissive use at trial. *See Allstate Indemnity Co. v. Nelson,* 285 A.D.2d 545, 547, 728 N.Y.S.2d 82 (2d Dep't 2001) (McGinty, J., dissenting).

A fourth, and related question, is whether, even if the uncontradicted testimony of driver and owner that the use of the vehicle was without permission is not by itself enough to rebut the presumption of permissive use, the addition of such further evidence as contemporaneous accident reports by the owner is sufficient to do so, with the result that at trial the burden of proving permissive use will rest on the plaintiff.

Our final question is whether the answer to any of the above questions is affected by the absence of evidence that Amtrak reported the unauthorized use of its vehicle to any law enforcement agency. It is not clear to us, however, that New York law allows the absence of such reporting to be used as evidence of permissive use. *Compare Allstate Indemnity Co.,* 285 A.D.2d at 545, 547, 728 N.Y.S.2d 82 (finding presumption rebutted without addressing dissent's points that owner did not remember whether he reported vehicle as stolen and driver was never charged with driving stolen vehicle) *with Guerrieri,* 203 A.D.2d at 325, 610 N.Y.S.2d 301 (denying summary

judgment based on evidence submitted by parties opposing the motion that owner without clear justification waited two-and-a-half hours after the police notified him that his car had been in an accident to report the car as stolen); *see also Polsinelli v. Town of Rotterdam,* 167 A.D.2d 579, 580, 562 N.Y.S.2d 844 (3d Dep't 1990) (finding driver's pleading guilty to unauthorized use of vehicle relevant to rebutting presumption) *and Bost v. Thomas,* 275 A.D.2d 513, 515, 712 N.Y.S.2d 218 (3d Dep't 2000) (concluding that driver's uncontroverted admission to police that she stole vehicle, when coupled with owner's affidavit that no permission was granted, rebuts presumption).

Accordingly, we respectfully certify to the New York Court of Appeals the following questions concerning § 388(1) of the New York Vehicle and Traffic law:

1. Under New York law, are uncontradicted statements of both the owner and the driver that the driver was operating the vehicle without the owner's permission sufficient to warrant a court in awarding summary judgment to the owner?

2. If the answer to question #1 is "no," is additional circumstantial evidence such as contemporaneous accident reports submitted by the owner sufficient to tip the balance and warrant a court in awarding summary judgment despite the interested nature of the source?

3. Is the uncontradicted testimony of driver and owner that the driver was operating the vehicle without permission, even if not sufficient to warrant summary judgment, sufficient at a trial to overcome the statutory presumption of permissive use, thereby placing the burden on plaintiff to prove permissive use?

4. If the answer to question #3 is "no," is the addition of such further evidence as contemporaneous accident reports by the owner sufficient to rebut the presumption of permissive use at trial?

5. Does New York law allow the absence of a report of unauthorized use of a vehicle to law enforcement to count as evidence of permissive use sufficient, alone or together with other evidence, to defeat summary judgment?

We respectfully invite the Court of Appeals to narrow these questions as it sees fit or to speak more broadly on the issues that New York Vehicle and Traffic Law § 388(1) raises in this context. This panel retains jurisdiction and will consider any remaining issues after the Court of Appeals provides us with its guidance on these questions or declines certification.

It is therefore ordered that the Clerk of this Court transmit to the Clerk of the Court of Appeals of the State of New York a Certificate, as set forth below, together with a complete set of the briefs, appendices, and record filed in this Court by the parties.

### Certificate

The foregoing is hereby certified to the Court of Appeals of the State of New York, pursuant to 2d Cir. R. § 0.27 and N.Y. Comp.Codes R. & Regs. tit. 22, § 500.17, as ordered by the United States Court of Appeals for the Second Circuit.