# Court of Appeals.

### Nov. 27, 1900.

## THE PEOPLE v. ALVA VAN DUSEN.

### (165 N. Y. 33.)

I. GRAND LARCENY—RETAINING PROPERTY LEFT IN CHARGE.

> Where a person intrusts a package to another saying " Take this box away and put it where nobody will see it" it does not necessarily import a direction to preserve the box, but the meaning depends upon the other conversation had at the time and the nature and contents of the package, and the interpretation of the language presents a question of fact for the jury—and it is error for the court to dispose of it as a matter of law.

APPEAL from a judgment of the appellate division of the supreme court in the first judicial department, entered August 6, 1900, affirming a judgment of the court of general sessions in the city of New York convicting the defendant of the crime of grand larceny in the second degree.

The facts, so far as material, are stated in the opinion.

Thomas F. Gilroy, for appellant.

Charles E. Le Barbier, for respondent.

*Per Curiam.* The appellant was convicted of grand larceny the second degree in having stolen some jewelry, the property of Clara Dukehart. The prosecutrix and her husband, residents of Ohio, were boarding in a house in New York city, of which the defendant was the manager or caterer. Dukehart testified that on the morning of July 31st, 1897, he told the defendant that he and his wife were going to Rockaway to spend the day, and at the same time gave him a package upon which he (Dukehart) wrote his own name and stated that it was his wife's jewelry, and asked the defendant to take care of it until their return. He further testified that in the

evening he asked the defendant for the return of the package to which the defendant responded that he (Dukehart) should never see it again, as it had been thrown away into the ash barrel. The defendant persisted in his refusal to return the property, whereupon Dukehart made complaint at a police station and had the defendant arrested by an officer. Mrs. Dukehart corroborated the testimony of her husband as to the delivery of the package to the defendant and the statement that it contained her jewelry. The defendant, in his testimony, admitted the receipt of a package from Dukehart, but denied that he was told that it contained jewelry or anything of value. He testified that it was a package, soft to the touch, which he supposed contained offensive articles of indecent and immoral use, and that, in effect, he was asked by Dukehart to dispose of it. He further testified to the fact that he had thrown the package into the ash barrel, the contents of which had been carried away. Testimony was given by the police officers tending, to some extent, to corroborate the complainants. On this evidence the motion to acquit the defendant was properly denied. If the jury believed the story of the complainants, that the defendant was told that the package contained valuable jewelry, it might well discredit the defendant's story that he had thrown the package away, and find as a matter of fact that he had retained it and converted it to his own use.

The trial court charged: " If Dukehart did say those words, ' Take this away and put it where nobody will see it,' and if the defendant accepted that box, even if Dukehart said those words, and even though the defendant had the suspicion that the box contained the offensive articles referred to, that would not justify this defendant in destroying it or losing it, because his instructions so far were to put it away where nobody would see it. His instructions so far were not to throw it out or destroy it, but to put it away where nobody would see it; and if the defendant accepted the box under those instructions, no matter what its contents were, whether foul or valuable, it

was the defendant's duty to keep the box." This charge was excepted to by the defendant, and in our judgment was erroneous. The words quoted by the trial judge from the testimony, " Take this box away and put it where nobody will see it," did not necessarily import a direction to preserve the box. Their meaning depended on the other conversation had at the time and the nature and character of the contents of the package. If the box contained jewelry or articles of value, doubtless the effect of the direction was to preserve it; if it contained foul and offensive articles, this language might well be construed as a direction to throw the package away. The interpretation of the language presented a·question of fact to be determined by the jury and the learned trial court erred in assuming to dispose of it as a matter of law. But the most serious objection to the charge is that it diverted the attention of the jury from the real issue in the case. The defendant was not being prosecuted civilly for conversion or misconduct as bailee but criminally for theft, and the question to be determined by the jury was whether he had intentionally and feloniously converted the jewelry to his own use if the jury should find as a fact that jewelry was delivered to him.

The judgment should be reversed and a new trial ordered.

Parker, Ch. J., Gray, Bartlett, Martin, Vann, Cullen and Werner, JJ., concur.

Judgment of conviction reversed, etc.