John A. Monteleone, J.
Plaintiffs move for an order dismissing the defense and specific denial contained in the answer in paragraph 2, which reads, 1 ‘ specific denial. Specifically denies that the defendant Chrysler Leasing Corporation granted permission and had control over the motor vehicle set forth in the complaint and the answer of the defendant Budget Bent A Car, Inc., alleging, “ Specifically deny permission, operation and control of vehicle bearing registration 6Z 6534
*535 From the papers herein, there seems to be no dispute as to the facts. On or about October 7, 1966 defendant Budget Bent A Car, Inc., rented the motor vehicle to someone using the stolen driver’s license belonging and issued to one William F. Johnston of Paxton, Illinois. The rental agreement was entered into with somebody purporting to be William F. Johnston. On October 13,1966 an accident occurred in which the plaintiffs were injured in an accident involving the aforesaid rented motor vehicle.
Defendants’ position is that the lending of the motor vehicle was brought about through fraud, misrepresentation, trick and deceit and accordingly the vehicle was being driven without its permission. Plaintiffs on the other hand contend, that even if defendants’ proof substantiates their position no issue of fact is .presented pursuant to section 388 of the Vehicle and Traffic Law.
The question presented is whether a defendant can avoid liability as an owner under said section 388 of the Vehicle and Traffic Law on the ground that there was no permission express or implied where a person rents a vehicle under false pretenses? The answer is, no.
Proof of ownership creates a rebuttable presumption that the driver was using the vehicle with the owner’s express or implied permission and such presumption continues until there is substantial evidence to the contrary. (De Lancey v. Nationwide Ins. Co., 26 A D 2d 631, affd. 20 N Y 2d 807.) Ordinarily the question of consent presents an issue of fact. (Reyes v. Sternberg, 27 A D 2d 828.) However, defendants do not deny rental of the vehicle. They do, however, deny renting it to the purported person who presented the license.
The plaintiffs have no knowledge or control over the business operations of the defendants. If defendants are careless and negligent in the conduct of their business and rent vehicles without taking precautions in ascertaining the true identity of the lessee, can they relieve themselves of liability on this ground? The intent of section 388 is to protect aggrieved parties, and to permit the defendants herein to raise this defense under these circumstances would defeat the statutory intent of this section.
Nevertheless, this court cannot grant this motion as a matter of law on the basis of the papers submitted. There is no indication as to who was driving the vehicle in question at the time of the happening of the accident. To strike the pleaded defense would be to deprive the defendants as a matter of law from proving for example, that the vehicle had been stolen or was being driven by another person, other than the lessee without the *536 latter’s permission. In this regard questions of fact may arise and it will be up to the trier of facts.
Accordingly, it is left to the Trial Judge to determine, on the basis of the evidence adduced at the trial, whether there is a question of fact to be determined as to operation, permission and control of the vehicle at the time of the happening of the accident.