■ EDGAR RODRIGUEZ et al., Appellants, v JASON PRIMACK, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Lawrence, J.), entered November 3, 1983, which, upon a decision and order of the same court (Jones, J.), dated October 27, 1983, made after a trial, determining, *inter alia,* that the defendant's car was stolen on May 10, 1980, between the hours of 10:00 A.M. and 3:00 P.M., and, at the time of the subject accident on the same date, was being operated without the permission of the defendant, granted the defendant's motion for summary judgment dismissing the complaint.

Judgment reversed, on the law, with costs, decision and order vacated, and matter remitted to the Supreme Court, Kings County, for a new trial on the issue of whether the defendant's vehicle was stolen or otherwise operated without the consent of the defendant at the time of the occurrence alleged in the complaint.

At the close of the trial limited to the issue of whether the defendant's vehicle, possessed by his wife after their separation, had been stolen or otherwise operated without her consent at the time it was involved in an accident, the trial court (Jones, J.), took the case from the jury upon the defendant's motion for judgment as a matter of law at the close of the entire case. We hold that the court erred in so doing.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his or her permission. That section gives rise to a presumption that the vehicle is being operated with the owner's consent *(see, Leotta v Plessinger,* 8 NY2d 449, 461; *Albouyeh v County of Suffolk,* 96 AD2d 543, 544, *affd* 62 NY2d 681). "The presumption of consent has been characterized as 'very strong' and continues until there is substantial evidence to the contrary" *(Albouyeh v County of Suffolk, supra,* at p 544). Even in the case of substantial evidence to the contrary,

the question of consent ordinarily presents a question of fact *(see, Reyes v Sternberg,* 27 AD2d 828). Upon this record, the presumption was not rebutted as a matter of law by the testimony of the defendant's wife indicating that she parked the car at about 10:00 A.M. on May 10, 1980, and discovered it missing at about 3:00 P.M. that day. The theft report was given by the defendant's wife to the police at 4:10 P.M. on that same day, and it indicates that the car had been stolen earlier that day between 11:00 A.M. and 3:30 P.M. A witness to the accident involving the car and the infant plaintiff testified that the accident occurred between 2:30 and 3:00 P.M. on May 10, 1980.

Under the circumstances herein, issues of fact existed which should have been submitted to the jury. Unlike the factual patterns in *Albouyeh v County of Suffolk (supra),* where the driver admitted her theft of the vehicle in a deposition, or in *Gee v Gee* (113 AD2d 736) where the vehicle was reported stolen four days prior to the accident and the driver was apprehended and convicted of the theft, in this case, the evidence as to the stolen car was offered principally by the defendant's wife, an interested witness *(see,* PJI 1:91). Here, triable issues include the credibility of the defendant's wife and her father; the fact that the driver stopped the automobile after the occurrence and stayed at the scene for some time; the fact that the car was parked near the store operated by the father of the defendant's wife who employed three males in his dry cleaning store; that there was no evidence that the recovered car was broken into; and that the owner of the car, the defendant Jason Primack, did not testify.

Moreover, in considering the defendant's motion for judgment as a matter of law, the trial court weighed the evidence and found, *inter alia,* that "by no reasonable construction or interpretation of all the testimony submitted" could it reach any other conclusion but that the car was stolen. This standard was not the proper one to apply. "In considering a motion for a directed verdict, the test to be applied is not founded upon a weighing of the evidence, but rather, in taking the case from the jury, the trial court must find 'that by no rational process could the trier of the facts base a finding in favor of the [nonmoving party] upon the evidence * * * presented' " *(Lipsius v White,* 91 AD2d 271, 276-277, quoting from *Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.