■ NATALIE BRUNO, Respondent, v MAURO PRIVILEGI, Appellant, and GREGG GALLO et al., Respondents. (Action No. 1.) SHARON STEKLER, Respondent, v MAURO PRIVILEGI, Appellant, and GREGG GALLO, Respondent. (Action No. 2.) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as Subrogee of MAURY HAVEN, Plaintiff, v SHARON STEKLER et al., Defendants. (Action No. 3.) ALESSANDRO PRIVILEGI, by His Guardian ad Litem, LISA BARNA, Respondent, v GREGG GALLO et al., Respondents, and MAURO PRIVILEGI, Appellant. (Action No. 4.)

ALLSTATE INSURANCE COMPANY, Respondent, v GREGG GALLO et al., Respondents, and MAURO PRIVILEGI, Appellant, et al., Defendants. (Action No. 5.)—In actions to recover damages for personal injuries, the defendant Mauro Privilegi appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated December 4, 1987, as denied his motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaints and cross claims insofar as they are asserted against the defendant Mauro Privilegi are severed and thereupon are dismissed.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his or her permission. That section gives rise to a presumption that the vehicle is being operated with the owner's consent (see, Leotta v Plessinger, 8 NY2d 449, 461; Rodriguez v Primack, 122 AD2d 936; Albouyeh v County of Suffolk, 96 AD2d 543, 544, affd 62 NY2d 681). The presumption of consent, moreover, has been characterized as "very strong" and continues until there is "substantial evidence to the contrary" (Albouyeh v County of Suffolk, supra, at 544).

Upon this record we conclude that the presumption was rebutted as a matter of law. The record reveals that the driver of the vehicle owned by the appellant, which was involved in the accident in question, admitted at his examination before trial that he had taken the vehicle without the appellant's permission. This testimony was corroborated by the appellant's affidavit as well as the testimony at an examination before trial of the appellant's 15-year-old son, who was a passenger in the Privilegi vehicle. The parties opposing the appellant's motion failed to submit any evidence sufficient to raise a triable issue of fact as to permission and, therefore, the complaints and cross claims insofar as they are asserted against the appellant should have been severed and dismissed (see, Barrett v McNulty, 27 NY2d 928). Bracken, J. P., Spatt, Sullivan and Harwood, JJ., concur.