■ DONALD A. OLSON, as Executor of BETTY A. GRIFFO, Deceased, Appellant, v B & S CARING ASSOCIATES, INC., et al., Respondents. [706 NYS2d 440] —In an action, *inter alia*, to recover damages for negligent hiring, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated January 14, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants are in the business of providing health aides to individuals who need home care. The plaintiff and his sister, the decedent Betty Ann Griffo, contracted with the defendants for an aide to care for their father in Ms. Griffo's home. While in the defendants' employ, the aide provided approximately 115 hours of the requisite service. Ms. Griffo, however, then hired the aide privately to care for her father in her home. Approximately five months later, the aide murdered Ms. Griffo.

The Supreme Court properly determined that the defendants were not liable under the doctrine of respondeat superior for

Ms. Griffo's murder, as the employer-employee relationship had ended by the time of the murder (*see, Koran I. v New York City Bd. of Educ.,* 256 AD2d 189, 191; *Loucks v Community Home Care Servs.,* 209 AD2d 484). In addition, in committing the murder the aide acted outside the scope of his employment (*see, Koran I. v New York City Bd. of Educ., supra; Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159, 161, *cert denied* 522 US 967).

Similarly, the Supreme Court properly granted summary judgment to the defendants on the issue of negligent hiring or supervision of the home health aide. The defendants were under no duty to inquire into the possibility that the home health aide had been previously convicted of crimes (*see, Amendolara v Macy's N. Y.,* 19 AD2d 702). In addition, the evidence reveals that the defendants checked all of the prior job references of the home health aide, but found nothing which might alert them to his violent propensities or prior drug use (*see, Koran I. v New York City Bd. of Educ., supra; Kenneth R. v Roman Catholic Diocese, supra*). Nor was there any evidence that the defendants learned of his violent propensities or prior drug use after they hired him. In any event, any connection between the defendants' hiring of the aide and the murder was severed when the aide left the defendants' employ over 5 months prior to the murder, and was hired by Ms. Griffo to work for her privately (*see, Koran I. v New York City Bd. of Educ., supra; Ford v Gildin,* 200 AD2d 224). Accordingly, the defendants established their entitlement to judgment as a matter of law and the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.