■ LORRAINE BOST, Individually and as Administrator of the Estate of TARIK S. RODRIGUEZ, Deceased, and as Mother and Guardian of HASSAN RODRIGUEZ, an Infant, Respondent, v TAMIKA THOMAS, Appellant, and LAMAR LEE, Respondent. [712 NYS2d 218] —Peters, J. Appeal from an order of the Supreme Court (Kane, J.), entered November 19, 1999 in Sullivan County, which denied defendant Tamika Thomas' motion for summary judgment dismissing the complaint and cross claims against her.

Late in the evening on April 22, 1998, 18-year-old defendant Lamar Lee along with her two friends, Tarik S. Rodriguez and

his brother, Hassan Rodriguez, went to the residence of defendant Tamika Thomas and asked to use her telephone. Recognizing Lee as the sister of one of her friends, Thomas permitted Lee and her friends to enter her home for that purpose. Advising them to leave when they were finished, Thomas went back to sleep.

While there, Tarik Rodriguez found Thomas' car keys and gave them to Lee. She, along with her friends, located Thomas' vehicle in the parking lot and proceeded to take it "on a joy ride". At approximately 3:05 A.M., Lee, who did not have a driver's license, lost control of the vehicle and struck a guardrail. Hassan Rodriguez was injured and Tarik Rodriguez was killed. Following the accident, Lee confessed to the police that she had taken Thomas' car without her permission. Lee was arrested on charges of, *inter alia*, grand larceny for the theft of the automobile.

In August 1998, plaintiff, the mother of the two Rodriguez brothers, commenced this personal injury and wrongful death action against Lee as the driver of the vehicle and Thomas as its owner; Lee asserted a cross claim against plaintiff. In September 1999, Thomas moved for dismissal contending that she was shielded from liability since Lee had stolen the car and was not operating it with her consent at the time of the accident. In support thereof, Thomas submitted her own affidavit detailing the aforementioned facts and further annexed Lee's voluntary statement to the police through an affidavit of counsel which also annexed the pleadings, a police accident report and the arrest report containing the charged information pertaining to Lee; Lee did not oppose Thomas' motion. Plaintiff submitted the affidavit of her attorney, who simply contended that the granting of the motion would be premature since discovery had not yet commenced. Supreme Court denied the motion with leave to renew. Plaintiff appeals.

"Every owner of a vehicle * * * shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle * * * by any person using or operating the same with the permission, express or implied, of such owner" (Vehicle and Traffic Law § 388 [1]). Such provision has been found to create a rebuttable presumption that the vehicle was driven with the owner's consent (*see, Leotta v Plessinger*, 8 NY2d 449, 461; *Polsinelli v Town of Rotterdam*, 167 AD2d 579, 580; *Bruno v Privilegi*, 148 AD2d 652, 653) which "has been characterized as 'very strong' and [will] continue[ ] until there is 'substantial evidence to the contrary'" (*Bruno v Privilegi, supra*, at 653, quoting *Albouyeh v County of Suffolk*, 96 AD2d 543, 544, *affd* 62 NY2d 681).

In our view, Thomas presented sufficient evidence to rebut such presumption. Although her proof consisted of her own affidavit and not sworn pretrial testimony (*see, e.g., Polsinelli v Town of Rotterdam, supra; Bruno v Privilegi, supra*), this proffer along with Lee's uncontroverted admission to the police that she stole the vehicle was sufficient. Thus, plaintiff was required to produce "evidentiary proof in admissible form sufficient to require a trial of material questions of fact * * * or * * * demonstrate [an] acceptable excuse for [a] failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York*, 49 NY2d 557, 562). The sole proffer of an affirmation from plaintiff's attorney asserting a lack of discovery on the issue of permissive use or control will not suffice (*see, Guerra v Kings Plaza Leasing Corp.*, 172 AD2d 583, 584). Plaintiff was required to reveal how such information was in Thomas' sole possession, precluding an effective rebuttal to this motion, since the record reveals that Hassan Rodriguez was with Lee and Tarik Rodriguez on the date of the alleged theft and accident (*see, Scofield v Trustees of Union Coll.*, 267 AD2d 651). Having failed to raise a triable issue, Thomas was entitled to judgment as a matter of law.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Tamika Thomas and complaint and cross claims dismissed against her.