■ MARLYN BONILLA, Respondent, v ELRAC, INC., Respondent, MAGNETIC X. FATHER, Appellant, et al., Defendants. [727 NYS2d 433] —In an action to recover damages for personal injuries, the defendant Magnetic X. Father appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), entered September 10, 1999, which, upon reargument, (1) granted the motion of the defendant ELRAC, Inc., for summary judgment on its cross claim against him for indemnification of all sums for which ELRAC, Inc., may be liable to the plaintiff as a result of the appellant's use of the rental car provided by ELRAC, Inc., and (2) denied his cross motion for summary judgment dismissing the cross claim of ELRAC, Inc., for indemnification against him.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the motion of ELRAC, Inc., for summary judgment on its cross claim for indemnification of all sums for which it may be liable to the plaintiff as a result of the appellant's use of the rental car, and substituting therefor a provision granting the motion to the extent that it seeks summary judgment on the issue of indemnification for the losses of ELRAC, Inc., for sums in excess of $25,000 for bodily injury and $50,000 for death and otherwise denying the motion, and (2) deleting the provision thereof denying the appellant's cross motion for summary judgment dismissing the cross claim for indemnification in its entirety, and substituting therefor a provision granting the cross motion to the extent of dismissing so much of the cross claim as seeks indemnification for sums up to $25,000 for bodily injury and $50,000 for death and otherwise denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

In *ELRAC, Inc. v Ward* (96 NY2d 58), the Court of Appeals held that the standard, complete indemnification provision which ELRAC, Inc. (hereinafter ELRAC), includes in its

Enterprise Rent-A-Car rental agreements violates Vehicle and Traffic Law § 370 insofar as that statute requires rental car companies to maintain minimum liability insurance coverage, presently $25,000 for bodily injury and $50,000 for death (*see, ELRAC, Inc. v Ward, supra,* at 69). The Court of Appeals also held that ELRAC's standard indemnification clause violated the policy behind the anti-subrogation rule to the extent that ELRAC could seek indemnification from its lessees for minimum coverage (*see, ELRAC, Inc. v Ward, supra,* at 76). In light of these holdings, ELRAC is entitled to summary judgment on its motion for indemnification only to the extent that it seeks indemnification for losses in excess of the statutory minimum liability coverage of $25,000 for bodily injury and $50,000 for death. The appellant is entitled to summary judgment dismissing ELRAC's cross claim for indemnification to the extent that ELRAC seeks indemnification for relevant losses below the statutory minimum liability coverage. Ritter, J. P., S. Miller, Goldstein and Smith, JJ., concur.