■ ALEXANDER Z. RONESS, Respondent, v HERTZ CORP. (CANADA) et al., Appellants. (And a Related Action.) [724 NYS2d 195] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated December 16, 1999, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 8, 1996, the plaintiff, Alexander Zev Roness, was struck by a rented vehicle driven by an individual who identified herself at the accident scene as the defendant Debbie Machade (hereinafter Machade). Upon returning the vehicle to its owner, the defendant Hertz Corp. (Canada), Machade filled out an accident report in which she indicated that she was driving down a street in New York when she hit a pedestrian

who "did not have the right of way." Machade also told a claims investigator that she was the driver of the vehicle that hit Roness.

Roness commenced this action against the defendants. At her examination before trial on December 18, 1997, Machade revealed for the first time, even to her own counsel, that she was *not* driving the vehicle at the time of the accident. Rather, Machade testified that her then 19-year-old daughter, Yayel Machade (hereinafter Yayel), had stolen the vehicle on that day and had driven it to New York without her permission. It is undisputed that Machade did not report the vehicle stolen. Roness then commenced a separate action against Yayel, against whom a judgment was entered upon her default in appearing.

The defendants cross-moved for summary judgment dismissing the complaint on the ground that there was no triable issue of fact as to the nonpermissive use of the vehicle, and that neither defendant could be held liable to the plaintiff pursuant to Vehicle and Traffic Law § 388. The Supreme Court properly denied the cross motion. Vehicle and Traffic Law § 388 gives rise to a presumption that the vehicle was being operated with the defendants' consent. That presumption may be rebutted by substantial evidence to the contrary (*see, Guerrieri v Gray,* 203 AD2d 324). In support of their cross motion, the defendants failed to rebut this presumption. Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.