■ ANGELA KALLAITZAKIS, Respondent, v ELRAC, INC., Appellant, et al., Defendant. [745 NYS2d 217] —In an action to recover damages for personal injuries, the defendant ELRAC, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated October 22, 2001, as granted the plaintiff's motion for summary judgment dismissing its counterclaim for contractual indemnification, and denied its cross motion for summary judgment limiting its liability to the plaintiff to the sum of $25,000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the cross motion is granted.

The plaintiff commenced this action to recover damages for personal injuries sustained in an accident involving a vehicle she rented from the defendant ELRAC, Inc. (hereinafter

ELRAC). ELRAC, relying on the plaintiff's contractual duty of indemnification, as set forth in the parties' rental agreement, sought to limit its liability to the plaintiff to the sum of $25,000, the statutory minimum coverage for bodily injury required by Vehicle and Traffic Law § 370 with respect to vehicles for hire. The Supreme Court, inter alia, denied such relief. We reverse.

ELRAC demonstrated, prima facie, entitlement to the relief sought by proffering the signed rental agreement containing the subject indemnification provisions. Contrary to the plaintiff's contention, the duty of indemnification set forth in the rental agreement was not invalid and unenforceable because it purported to require her to indemnify ELRAC for "all" losses. Rather, the plaintiff's obligation to indemnify ELRAC is enforceable only to the extent that ELRAC's losses exceed the statutory minimum amount of automobile accident insurance required to be carried (*see ELRAC, Inc. v Ward,* 96 NY2d 58; *ELRAC, Inc. v Masara,* 96 NY2d 847; *Haight v Estate of DePamphilis,* 286 AD2d 369; *AIU Ins. Co. v ELRAC, Inc.,* 287 AD2d 668, *lv denied* 98 NY2d 604; *Bonilla v ELRAC, Inc.,* 283 AD2d 382).

The plaintiff failed to raise an issue of fact regarding whether the rental agreement was subject to and in violation of CPLR 4544. The plaintiff proffered no evidence that the rented vehicle was primarily for personal, family, or household purposes, or that the typeface of the relevant provisions of the rental agreement was of insufficient size. To the contrary, scrutiny of the rental agreement as reproduced in the record reveals that the typeface is of sufficient size, and that the agreement was clear and legible (*see* CPLR 4544; 105 [t]). Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.