■ PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, Respondent, v SUSAN WEYANT et al., Appellants, et al., Defendants. (Action No. 1.) SUSAN WEYANT et al., Appellants, v JASON McQUISTON, Defendant, and BRENDA JONES, Respondent. (Action No. 2.) [765 NYS2d 258] —In an action for a judgment declaring that Progressive Northwestern Insurance Company is not obligated to indemnify or defend Jason McQuiston or Brenda Jones with respect to any litigation arising from a February 27, 1999, automobile accident (Action No. 1), and a related action to recover damages for personal injuries and wrongful death (Action No. 2), Susan Weyant, Eric Molina, Sheldon Spotard, and Barbara McDonald, defendants in Action No. 1 and the plaintiffs in Action No. 2, appeal from (1) an order of the Supreme Court, Orange County (McGuirk, J.), dated June 11, 2002, which granted the motion of the defendant Brenda Jones for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against her and granted the separate motion of Progressive Northwestern Insurance Company for summary judgment in Action No.1, and (2) a judgment of the same court entered July 31, 2002, which, in Action No. 1, inter alia, declared that Progressive Northwestern Insurance Company is not obligated to indemnify or defend Jason McQuiston in Action No. 2, and, in Action No. 2, dismissed the complaint in that action insofar as asserted against Brenda Jones.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and the motions are denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the actions (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In response to the prima facie showing by Brenda Jones that she had not, inter alia, granted Jason McQuiston permission to operate her car, the appellants showed the existence of a triable issue of fact as to whether or not Jones had constructively consented thereto (*see* Vehicle and Traffic Law § 388 [1]; *Murdza v Zimmerman*, 99 NY2d 375 [2003]; *Leotta v Plessinger*, 8 NY2d 449, 461 [1960]; *Lancer Ins. Co. v Republic Franklin Ins. Co.*, 304 AD2d 794 [2003]; *Stewart v Town of Hempstead*, 204 AD2d 431 [1994]). Accordingly, the respondents' motions for summary judgment should have been denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.