SIOBHAN FORTE et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, and CITIWIDE AUTO LEASING, INC., Doing Business as DOLLAR RENT A CAR, Appellant, et al., Defendant. [767 NYS2d 888]—

In a consolidated action to recover damages for personal injuries, the defendant Citiwide Auto Leasing, Inc., doing business as Dollar Rent A Car, appeals from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated October 24, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs were injured when the New York City Transit Authority bus in which they were passengers collided with a car driven by the defendant Jimmy Sanchez. The car had been rented by Claudia Hincapie, the wife of Sanchez's cousin, from the defendant Citiwide Auto Leasing, Inc., doing business as Dollar Rent A Car (hereinafter Citiwide). Citiwide moved for summary judgment on the ground that it could not be held vicariously liable for the negligence of Sanchez because he was not an authorized user of the rented car.

The Supreme Court properly denied Citiwide's motion. Citiwide failed to present evidence sufficient to rebut the presumption, arising from Vehicle and Traffic Law § 388 (1), that a vehicle involved in a traffic accident is being operated with the permission of the owner (see Leotta v Plessinger, 8 NY2d 449, 461 [1960]; Walls v Zuvic, 113 AD2d 936 [1985]). As a commercial lessor of vehicles, Citiwide is deemed to have constructively consented to the operation of its vehicle by anyone using it with the lessee's permission (see Murdza v Zimmerman, 99 NY2d 375, 381-382 [2003]; Motor Veh. Acc. Indem. Corp. v Continental Natl. Am. Group Co., 35 NY2d 260, 265 [1974]; Lancer Ins. Co. v Republic Franklin Ins. Co., 304 AD2d 794, 798 [2003]; Allstate Ins. Co. v Dailey, 47 AD2d 375, 376 [1975], affd 39 NY2d 759 [1976]). While Hincapie submitted an affidavit generally asserting that Sanchez, who was living in her home, was driving the car without her permission at the time of the accident, that affidavit was contradicted in part by the police records regarding the accident and was not corroborated by any statement of Sanchez. Therefore it was insufficient under the circumstances to negate the statutory presumption as a matter of law (see Progressive Northwestern Ins. Co. v Weyant, 309 AD2d 739 [ 2003]; Roness v Hertz Corp. [Canada], 283 AD2d 416, 417 [2001]; cf. Manning v Brown, 91 NY2d 116 [1997]; Bost v Thomas, 275 AD2d 513, 514-515 [2000]; Bruno v Privilegi, 148 AD2d 652, 653 [1989]). Accordingly, the issue of whether the car was operated with Hincapie's permission is one of fact to be determined by a jury. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.