STEVEN CHERRY et al., Appellants, v KERIAM TUCKER, Defendant, and AVIS RENT-A-CAR CORP. et al., Respondents. (And a Third-Party Action.) [773 NYS2d 405]—

In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Schmidt, J.), entered December 19, 2002, which, upon an order of the same court dated May 17, 2002, granting the motion of the defendants Avis Rent-A-Car Corp. and P.V. Holding Corp. and the separate motion of the defendant Garrison Protective Services, Inc., for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against them on the issue of liability, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is modified, on the law, by delet-

ing the provision thereof which, upon the granting of the motion of the defendants Avis Rent-A-Car Corp. and P.V. Holding Corp., for summary judgment, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against them; as so modified, the judgment is affirmed, with one bill of costs to the defendant Garrison Protective Services, Inc., payable by the plaintiffs, and one bill of costs to the plaintiffs payable by the defendants Avis Rent-A-Car Corp. and P.V. Holding Corp., the complaint is reinstated insofar as asserted against the defendants Avis Rent-A-Car Corp. and P.V. Holding Corp., the action against the defendants Avis Rent-A-Car Corp. and P.V. Holding Corp. is severed, and the order dated May 17, 2002, is modified accordingly.

On April 29, 1999, the defendant Keriam Tucker was employed as a security guard by the defendant Garrison Protective Services, Inc. (hereinafter Garrison), and was assigned to work at the car rental lot of the defendant Avis-Rent-A-Car and the defendant P.V. Holding Corp. (hereinafter collectively referred to as the Avis defendants) located in Manhattan.

On May 2, 1999, Tucker, while operating a vehicle owned by the Avis defendants, lost control of the vehicle on a Brooklyn street and crashed into a fence. The plaintiffs, who were passengers in the subject vehicle, sustained injuries as a result of the accident.

The subject vehicle was rented from the car rental lot of the Avis defendants on April 29, 1999, and returned that same day. However, Tucker allegedly stole the subject vehicle that same day, and the Avis defendants subsequently recovered the vehicle on May 11, 1999.

After the plaintiffs commenced this personal injury action, the Avis defendants and Garrison separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motions, and entered judgment in favor of the Avis defendants and Garrison against the plaintiffs on the issue of liability, dismissing the complaint insofar as asserted against those defendants.

Contrary to the plaintiffs' contention, Garrison was not liable for Tucker's conduct under the doctrine of respondeat superior since Tucker acted outside the scope of his employment at the time of the accident (*see Olson v B & S Caring Assoc.*, 271 AD2d 588 [2000]; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]; *Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762 [1995]).

In addition, Garrison was not liable under the theories of negligent hiring, negligent retention, and negligent supervision

since the record was devoid of any evidence that Garrison knew or should have known of Tucker's propensity for the conduct which caused the injury (*see Sato v Correa,* 272 AD2d 389 [2000]; *Olson v B & S Caring Assoc., supra; Avent v Headley,* 252 AD2d 565 [1998]). Accordingly, the Supreme Court properly granted the separate motion by Garrison for summary judgment. However, the Supreme Court erred in granting summary judgment to the Avis defendants.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with the owner's permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by presenting substantial evidence to the contrary (*see Naidu v Harwin,* 281 AD2d 525 [2001]; *Guerra v Kings Plaza Leasing Corp.,* 172 AD2d 583 [1991]).

The manager for the Avis defendants who was employed at the Manhattan car rental lot on the date that Tucker removed the subject vehicle testified that security guards, such as Tucker, were instructed to check incoming vehicles for damage, retrieve the car keys from the customer and give them to the service agent on duty for the Avis defendants, and that guards were not allowed to drive vehicles unless instructed to do so by a manager for the Avis defendants. The manager for the Avis defendants also testified that their records showed that Tucker was the last person who handled the subject vehicle and that the Avis defendants learned days later that the subject vehicle was not in its inventory. Further, the evidence shows that the Avis defendants filed a missing vehicle report on May 11, 1999, and indicated therein that the subject vehicle was missing for 12 days.

Here, the documentary evidence that the Avis defendants submitted in support of its motion for summary judgment, including the deposition transcript of its manager and the copy of its missing vehicle report, did not rebut the presumption, pursuant to Vehicle and Traffic Law § 388 (1), that it consented to Tucker's use of the subject vehicle. Therefore, the grant of summary judgment was in error since the Avis defendants failed to establish its prima facie entitlement to that relief (*see generally Roness v Hertz Corp.,* 283 AD2d 416 [2001]).

The plaintiffs' remaining contention is without merit. Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.