■ Howard M. Bernstein et al., Respondents, v Michael Diaz, Respondent, et al., Defendant, and ELRAC, Inc., Appellant. [812 NYS2d 597]—

In an action to recover damages for personal injuries, etc., the defendant ELRAC, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated September 29, 2004, as denied that branch of its motion made jointly with the defendant Denise Argo, which was for summary judgment dismissing the complaint and the cross claim by Michael Diaz insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff sustained injuries when the vehicle he was driving collided with a car driven by the defendant Michael Diaz. The car had been rented by the defendant Denise Argo from the defendant ELRAC, Inc. (hereinafter ELRAC). ELRAC and Argo moved for summary judgment dismissing the complaint and the cross claim asserted by Diaz. ELRAC contended that it could not be held vicariously liable for the negligence of Diaz because he was not an authorized user of the rental car.

The Supreme Court properly denied ELRAC's motion. ELRAC failed to present evidence sufficient to rebut the presumption, arising from Vehicle and Traffic Law § 388 (1), that a vehicle involved in a traffic accident is being operated with the permission of the owner (*see Leotta v Plessinger,* 8 NY2d 449, 461 [1960]; *Walls v Zuvic,* 113 AD2d 936 [1985]). As a commercial lessor of vehicles, ELRAC is deemed to have constructively consented to the operation of its vehicle by anyone using it with the lessee's permission (*see Murdza v Zimmerman,* 99 NY2d 375, 381-382 [2003]; *Motor Veh. Acc. Indem. Corp. v Continental Natl. Am. Group Co.,* 35 NY2d 260, 265 [1974]; *Lancer Ins. Co. v Republic Franklin Ins. Co.,* 304 AD2d 794, 798 [2003]; *Allstate Ins. Co. v Dailey,* 47 AD2d 375, 376 [1975], *affd* 39 NY2d 759 [1976]). The proof submitted by the moving defendants was equivocal when viewed in the context of other circumstances of the litigation history between the parties. While Argo testified at her examination before trial that Diaz, a nonfamily member who was staying in Argo's home, was driving the car without her permission at the time of the accident, her testimony was contradicted in part by the police records of the accident. Argo's testimony was not corroborated by any statement from Diaz (*cf. Manning v Brown,* 91 NY2d 116 [1997]; *Bost v Thomas,* 275 AD2d 513, 514-515 [2000]; *Bruno v Privilegi,* 148 AD2d 652, 653 [1989]). We also note that ELRAC never asserted lack of

permission as a defense to the subrogation action brought on the personal property claim (*cf. Manning v Brown, supra; Bost v Thomas, supra; Bruno v Privilegi, supra*). Under these specific circumstances, the proof submitted was insufficient to rebut the statutory presumption as a matter of law (*see Forte v New York City Tr. Auth.*, 2 AD3d 489 [2003]; *Progressive Northwestern Ins. Co. v Weyant*, 309 AD2d 739 [2003]; *Roness v Hertz Corp. [Canada]*, 283 AD2d 416, 417 [2001]; *cf. Manning v Brown, supra; Bost v Thomas, supra* at 514-515; *Bruno v Privilegi, supra* at 653). Accordingly, the issue of whether the car was operated with Argo's permission is one of fact to be determined by a jury. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.