■ LYNDA HAMILTON, Respondent, v MICHAEL KHALIFE, Appellant, BMW FINANCIAL SERVICES NA, INC., Respondent, et al., Defendants. (And Two Related Actions.) [810 NYS2d 912]—

In an action to recover damages for personal injuries, the defendant Michael Khalife appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated February 18, 2005, as granted that branch of the cross motion of the defendant BMW Financial Services NA, Inc., which was to confirm, and denied that branch of his motion which was to reject, a determination of the same court (Lockman, J.H.O.) dated December 18, 2002, finding, after a hearing, that the indemnity clause of a certain lease issued by the defendant BMW Financial Services NA, Inc., was enforceable pursuant to CPLR 4544, and denied that branch of his motion which was for a jury trial to address the reasonableness of the insurance settlement reached with the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

This appeal arises as a result of an automobile accident which

occurred on January 11, 1995 in which a vehicle driven by the plaintiff was struck by a vehicle driven by the defendant Michael Khalife. Khalife leased his car from the defendant BMW Financial Services NA, Inc. (hereinafter BMW). BMW settled with the plaintiff and asserted a cross claim for contractual indemnification against Khalife based upon an indemnification provision of its lease with Khalife. Khalife argued that the provision was not enforceable pursuant to CPLR 4544, inasmuch as the provision was not printed in the statutorily required size. Pursuant to our decision in a prior appeal, a hearing was held to determine whether the indemnification provision of the lease was enforceable pursuant to CPLR 4544 (*see Hamilton v Khalife*, 289 AD2d 444 [2001]).

Contrary to Khalife's contention, the Supreme Court properly confirmed the Judicial Hearing Officer's determination that the indemnification provision was enforceable pursuant to CPLR 4544. The hearing court did not, as Khalife otherwise claims, erroneously apply CPLR 105 (t) in making its determination (*see Kallaitzakis v ELRAC, Inc.*, 296 AD2d 531 [2002]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C105:8).

Khalife's remaining contention is without merit (*see Jennings v United States*, 374 F2d 983, 986 [1967]). Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.