OPINION OF THE COURT
Richard G. Latin, J.
On a motion to dismiss pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action. In considering such a motion, the court accepts the facts as alleged in the complaint as true, according plaintiff the benefit of every possible favorable inference, and determining only whether the facts as alleged state any cognizable legal theory (see Elmhurst Dairy, Inc. v Bartlett Dairy, Inc., 97 AD3d 781 [2d Dept 2012]; see also Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Jannetti v Whelan, 97 AD3d 797 [2d Dept 2012]). When the moving party submits evidentiary material in support of his or her motion, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he (or she) has stated one (see Sokol v Leader, 74 AD3d 1180, 1181-1182 [2d Dept 2010]). However,
“a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied ‘unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it’ ” (Sokol v Leader at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).
The facts of this case are essentially undisputed. The defendant rented a vehicle from the plaintiff pursuant to a rental agreement between the parties. That agreement provided, in pertinent part, that the defendant was the only “authorized driver” of the vehicle, other than her spouse, and that, in the event plaintiff was compelled to make payment to third parties due to the negligence of the defendant, the plaintiff was entitled to seek full indemnification from the defendant. The defendant loaned the vehicle to her son, who was involved in an accident with another vehicle. As a result, the plaintiff made payments to the driver of the other vehicle for personal injury in the sum of $12,500, and for property damage in the sum of $1,777. The *648 plaintiff commenced this action to enforce the indemnification portion of the agreement, and to recover the total sum of $14,277.06 paid to the driver of the other vehicle.
The issue before the court, therefore, is whether the plaintiff may maintain an action for indemnification against a non-driver lessee who violated the agreement between the parties by permitting a “non-authorized” user to operate the rental vehicle. Plaintiff contends that this action may be maintained because existing case law does not directly address the instant situation, wherein a “non-authorized” driver was permitted to operate the vehicle by the renter, in contravention of an express clause in the agreement. The defendant, citing ELRAC, Inc. v Ward (96 NY2d 58 [2001]), claims that indemnification is permitted only as to amounts in excess of the statutory minimum coverage required by Vehicle and Traffic Law § 370, specifically $25,000 in coverage for bodily injury, and $10,000 for property damage. For the reasons which follow, this court holds that it is a natural and normal extension of the Court of Appeals’ holdings and reasoning in ELRAC and its progeny to require the plaintiff rental car company to maintain statutory minimum for every permissive user, whether explicitly authorized to drive the vehicle or not.
In ELRAC, Inc. v Ward (96 NY2d 58 [2001]), the Court of Appeals addressed whether ELRAC, a rental car company, can enforce a standard clause in a rental agreement that requires the renter to indemnify it for any injuries caused to third parties by use of the rental car. It held that plaintiff may not seek indemnification where the damage falls below the minimum insurance that the rental company is required to provide under Vehicle and Traffic Law § 370 (1).
Thus it is axiomatic since the Court of Appeals’ decision in ELRAC in 2001, that indemnification clauses of the type involved here are unenforceable against the lessee to the extent that the damages do not exceed the minimum statutory insurance requirements (see e.g. Kallaitzakis v ELRAC, Inc., 296 AD2d 531 [2d Dept 2002]). The distinction urged by the plaintiff, namely, that a clause in the rental contract prohibited the vehicle to be driven by anyone other than the defendant and her spouse, does not support a contrary holding. The rationale behind the ELRAC v Ward decision warrants a similar outcome under the facts at bar.
The Court of Appeals founded its determination in ELRAC upon several public policy considerations underlying sections *649 370 and 388 of the Vehicle and Traffic Law. First and foremost is the fact that the minimum bond or policy of insurance mandated by section 370 (1) (b) “shall inure to the benefit of any person legally operating the motor vehicle ... in the business of the owner and with his permission, in the same manner and under the same conditions and to the same extent as to the owner.” Moreover, section 388 (1), by its express terms, imposes liability for damages caused by the owner or any “person using or operating the [vehicle] with the permission, express or implied, of [the] owner.” As noted by several Court of Appeals decisions, the purpose of section 388 is to “ensure access by injured persons to a financially responsible insured person against whom to recover for injuries” (ELRAC at 73 [internal quotation marks omitted]; Morris v Snappy Car Rental, 84 NY2d 21, 27 [1994], quoting Plath v Justus, 28 NY2d 16, 20 [1971]). Clearly, it was the intent of both statutes to extend financial responsibility to all permissive users, not just those explicitly mentioned in a rental car agreement. Permitting the plaintiff to contractually vitiate the express terms of both statutes, and the protections afforded thereunder, either via indemnification agreements or “non-authorized driver” clauses would be to judicially overrule the statutes. Enforcement of a clause limiting the reach of sections 370 and 388 to “authorized users” would render meaningless the statutory intent of providing a financially responsible party to the extent of the minimum coverage. Moreover, permitting the plaintiff, as an insurer of the vehicle, to pass the risk of loss from itself onto the renter for permissive use of the vehicle would permit it to eviscerate the very coverage which it is statutorily required to provide. (ELRAC at 77). By electing to self-insure its vehicles under section 370 of the Vehicle and Traffic Law, “ELRAC undertook the obligation to provide primary insurance coverage for itself and its permissive users up to the statutory mínimums” (id.).
Even in the face of a rental agreement which purports to limit use of the vehicle to the lessee, ELRAC, a car rental agency, which rents large numbers of vehicles to the general public for profit should foresee that a rented vehicle would come into the hands of any number of operators by the very nature of the quasi-ownership relationship created by a lease (see Murdza v Zimmerman, 99 NY2d 375, 381 [2003]). Thus, based on the foregoing, the rental car company constructively consents to the permissive operation of its vehicle (see Bernstein v Diaz, 27 AD3d 602 [2d Dept 2006]; ELRAC, Inc. v Russo, 19 Misc 3d *650 1143[A], 2008 NY Slip Op 51155[U] [Nassau Dist Ct 2008]). In apparent recognition of its duty to provide coverage to permissive users such as defendant’s son, ELRAC never disclaimed coverage as to the permissive user, and made payments both for bodily injury and property damage to the owner-driver of the other vehicle on his behalf.
This court notes, as did the Court in both ELRAC and Morris, that ELRAC may enforce its indemnification agreement as well as its “authorized user” clause as to amounts exceeding the mandatory mínimums, since ELRAC is not required to provide additional coverage, nor did it undertake any voluntary obligation to do so.
The defendant has provided admissible evidence in the form of an affidavit attesting that the use of the vehicle by her son was permissive. This evidence has not been controverted by the plaintiff. Thus, there is no significant dispute in the record before this court that the vehicle’s use was permissive. ELRAC also failed to raise a claim of lack of permissive use as a defense to the bodily injury and property damage claims by the owner of the other vehicle, opting instead to pay both claims. The plaintiff’s behavior was in all respects consistent with acknowledging its duties as the insurer (self-insurer) of the permissive user, defendant’s son. Thus, there is no issue of fact for a jury as to whether the driver was operating with the defendant’s permission and consent (cf. Lancer Ins. Co. v Republic Franklin Ins. Co., 304 AD2d 794 [2d Dept 2003]; Tsadok v Veneziano, 65 AD3d 1130 [2d Dept 2009]).
Since the amounts paid by the plaintiff rental car agency for both bodily injury and property damage are below the minimum required by statute, the plaintiff may not maintain the instant action. Thus, the defendant’s motion must be granted in its entirety and this matter dismissed.